JAMES STINSON, PLAINTIFF IN ERROR, *v.* HERCULES L. DOUSMAN.

Where there was a covenant to sell land upon condition that the purchase-money should be paid in instalments, and other acts done by the covenantee, in failure to perform which, rent was to be charged, and the covenantee failed to execute his contract, the rent was justly chargeable.

The Territory of Minnesota having abolished the court of chancery, the excuses of the defendant must be judged of as if it was a case in chancery, the statute having so directed. But in this case, time would be held to be an essential consideration in the contract by a court of equity, and the excuses for non-performance are insufficient.

The equitable as well as legal considerations being involved in the case, and the amount of property large, this court can take jurisdiction, although the amount of rent is less than one thousand dollars.

THIS case was brought up, by writ of error, from the Supreme Court of the Territory of Minnesota.

The facts are stated in the opinion of the court.

It was argued by *Mr. Cooper* for the plaintiff in error, and *Mr. Cushing* and *Mr. Gillet* for the defendant.

The principal question in the case was, whether or not time was of the essence of this contract as to the payment of the first instalment. Upon this point, the counsel for the plaintiff in error admitted that—

While time is material, it was not so far of the essence of such a contract as this, as to authorize Dousman to declare it void, especially when it was manifest that there was neither

wilful laches, negligence, nor want of ability, on the part of Stinson to perform the contract. In such a case, equity always affords relief. (2 Story's Eq. Jur., secs. 775, 776, 776 note, 777, 1314, 1315, 1316, 1319; Taylor *v.* Longworth, 1 McLean, 402, 403; same, 14 Pet., 170; Brashear *v.* Gratz, 6 Wheat., 528; Bank of Washington *v.* Hagner, 1 Pet., 464; 1 Fontblanque's Eq., 31 and 32, note; Newland on Contr., ch. 12, p. 238.)

Upon the question of time, the counsel for the defendant in error said:

At law, the time of performance is a material part of a contract; non-performance, at the very day, is always to be held as a breach. There is no other rule applicable, except the one named in the contract.

In equity, the same rule applies where, in the agreement, the parties evidently contemplated that time would be material, and influence their action or interests. In the present case, the parties not only looked to the possibility of the non-performance according to the letter of the agreement, but they made an express agreement providing for that contingency. They did not leave the law to determine the consequences of a default, but made a law for themselves on that subject, by an express provision in the body of their agreement. Instead of providing that the performance might be made at a future day, and a compensation in damages for the delay, the parties provided that, in case of default in making payment, or insuring, or paying taxes, the plaintiff might waive the contract of sale, and accept the defendant as his tenant, from the date of the agreement to the time of the election by the plaintiff to avoid the contract. There is no case for the law to act upon; nothing has occurred unprovided for in the contract. The law cannot step in and act upon a case, and declare what shall be done by the parties, when they had, by their agreement, determined for themselves.

[The counsel then quoted the cases of Hipwell *v.* Knight, and Secombe *v.* Steele, and continued:]

In the present case, it clearly appears affirmatively that the parties regarded the time an essential element in their agreement; because they made a special provision to meet that very contingency. They arranged that the plaintiff might elect to annul the contract, if it was not literally fulfilled. No other reason can be assigned for that provision. Without it, the plaintiff could only have sued upon the agreement to recover the purchase-money and interest by way of damages. Before suit, the defendant might have avoided the strict rule of law,

by tender, and resorting to equity to relieve from his default; but after suit, that relief would not have been open to him. In the present case, the parties stipulated for an additional privilege in behalf of the plaintiff. They made a provision for a change in the contract, by which the original agreement to sell was converted, by the action of the plaintiff, into a lease, with a specified rent. The plaintiff availed himself of this provision on the occurrence of the default by the defendant, as he had the legal and equitable right to do.

Hence, if it be true, under the laws of Minnesota, (Laws of March 3, 1853, p. 20, secs. 5, 6,) which we controvert, that the defendant can meet a legal claim by setting up an equity, there is nothing in this case to authorize any such defence, because there is no such equity in favor of the defendant which he can set up.

[Other points were made upon both sides, but the above was the principal one upon which the decision of the court turned.]

Mr. Justice CAMPBELL delivered the opinion of the court.

This suit was commenced in the District Court of the United States for Ramsey county, Minnesota, by Dousman, to recover of Stinson four hundred and eighty-one and sixteen one-hundredths dollars, as the rent of a parcel of land in the city of St. Paul, under a written contract, executed in February, 1854, by those persons. In that contract, Dousman covenanted to sell and convey to Stinson the same land for the sum of eight thousand dollars, which was to be paid, with interest at the rate of ten per cent. annually, in three instalments; the first instalment of two thousand dollars, and interest, was to be paid the 1st of September, 1854. The vendee was required to keep the buildings insured, and engaged that the policy in case of loss should inure to the benefit of the vendor; and also agreed to pay all the taxes accruing from May, 1853. The contract concludes with an express condition, "that in case of failure by the vendee to perform either of the covenants on his part, the vendor was at liberty to declare the contract void, and thereupon to recover, by *distress* or otherwise, all the interest which shall have accrued upon the contract up to the day of declaring the contract void, as rent for the use and occupation of the premises, and to take immediate possession thereof; to regard the person or persons in possession at the time as tenant or tenants holding without permission, and to recover all damages sustained by unnecessary destruction of timber or trees growing on the premises, or by holding over without permission."

It was agreed, that if the vendee paid the entire purchase-

money, or secured it to the satisfaction of the vendor, he should have a deed at any time after the payment of the first instalment. Contemporaneously with the execution of the contract, under the seals of the parties, the vendee gave his promissory note for the first instalment. This instalment was not paid according to the note or contract; no insurance was effected on the property within the terms of the agreement before September, 1854; nor were the taxes on the lot paid before that date.

On the 14th of September, 1854, the plaintiff notified the defendant that the contract of sale was annulled, and he should claim as rent the amount of interest that had accrued on the price stipulated for the property, and demanded immediate possession of the premises, under the conditions of the contract. The object of this suit is to recover that sum as rent.

The statute law of Minnesota provides, "that all equities existing at the commencement of any action in favor of a defendant therein, or discovered to exist after such commencement, and before a final decision, shall be interposed, if at all, by way of defence to the action, by answer or supplemental answer in the nature of a counter claim, and issue taken thereon, by a reply or supplemental reply thereto, and be determined as other issues in such actions;" and that, "when the party prosecuted has equities, claims, or demands, which could heretofore only be enforced by cross-action or cross-bill, the same shall be interposed by way of answer in the nature of a counter claim, and the plaintiff may reply thereto and put the same in issue; and if the same be admitted by the plaintiff, or the issue thereon be determined in favor of the defendant, he shall be entitled to such relief, equitable or otherwise, as the nature of the case demands, by judgment or otherwise. The court of chancery and the right to institute chancery suits are abolished in the Territory. (Acts of Minnesota, 1853, ch. 9, secs. 5, 6, 14.) The answer of the defendant is framed not only to present a legal defence against the claim preferred in the petition, but also to obtain a decree affirmative of the continuing validity of the contract of sale.

He alleges that the note executed for the first instalment of the purchase-money was accepted and received by the plaintiff for that instalment. That, to provide for the punctual payment of the note, he sent to the agents of the plaintiff, who held, and were authorized to collect it, a draft on a merchant of responsibility for its full amount, under a reasonable expectation and belief that the money would be paid. That this draft was presented at the office of the drawee by the agents of the plaintiff, at a time when he was absent, and that his clerk, through mis-

take or error, declined to pay it; that, as soon as he heard of the dishonor of the bill, he made other arrangements for the payment of the first instalment by a bill on bankers in New York, and that this bill was offered to the plaintiff before the date of his notice to the defendant. That he has tendered the money and interest to the plaintiff, and his tender has been refused, and he now deposits the money in court for his use. He further answers, that the buildings on the lot have been covered by a suitable policy of insurance, but the amount of the loss, if any, was not payable to the plaintiff. That there was a mistake in the contract relative to this stipulation, which needed amendment, and that he deferred the transfer of the policy till the correction was made. That he is now willing to assign the policy to the plaintiff.

He answers, that since the notice of the plaintiff he has attempted to pay the taxes in arrear, but that he had been forestalled by him; that he is ready to pay the amount of taxes paid by the plaintiff into court. The defendant claims that the plaintiff has sustained no injury from any delay on his part, and that he is able and willing to fulfil his contract.

The District and Supreme Court of Minnesota decided that the answer was not sufficient, and judgment was entered for the plaintiff. The admissions of the answer exhibit a case of default on the part of the defendant in respect to his performance of the covenants in the contract of sale. The technical rule, that "accord and satisfaction is no bar to an action for debt certain, covenanted to be paid," is, perhaps, inapplicable in a system like that contained in the code of Minnesota; and it is probably true, that a debt by covenant may be discharged there by a simple contract or agreement. But the answer of the defendant does not show that the promissory note given for the first instalment of the purchase-money was designed to be a substitute for the covenant, and was taken in discharge of the debt created by it. Nor can we suppose that the plaintiff intended to release the condition which formed so important a part of his security. The contract and the note bear date of the same day, relate to the same subject, and are consistent with each other. The evidence must be very explicit and unequivocal, to lead to the conclusion that the one was designed to impair or alter the effect of the other.

The excuses rendered by the defendant for his non-payment of the taxes due upon the property, and his failure to insure the buildings for the security of the plaintiff, are insufficient. The record discloses a case of inattention and neglect on the part of the defendant, which authorized the plaintiff at law to annul the contract.

The question arises, whether his answer affords any ground for equitable interposition in his favor. In respect to contracts for the sale of land, a court of equity, in general, does not exact from the parties a punctual performance of their engagements, to entitle them to its aid in obtaining a specific performance. If the contract is silent in respect to the condition of time, or fails to indicate a distinct purpose of the parties to make it an essential consideration, and where no circumstance exists to manifest its importance, it is the habit of the court to relax the stringency of the rules of legal interpretation on that subject, and to decree performance, and direct compensation, even in cases where there has been inattention or neglect. (Secombe *v.* Steele, 20 How., sup.; Roberts *v.* Berry, 3 De G., M., and Gord.) But if the parties have declared in their contract that time is a material consideration, and have agreed that their rights shall depend upon a scrupulous fidelity to their engagements, it does not belong to that court to make another law for the parties. Where it plainly appears that the sale is conditional, and its completion is dependent upon the fulfilment of any of the terms with punctuality by either party, a court of equity, in general, will not interpose to relieve the party in default, on the principle that time is not of the essence of the contract.

In the case before us, the contract recites, that the vendor, in consideration of one dollar, part of the purchase-money thereafter mentioned, and then actually paid, and upon the *express condition* that the defendant do well and faithfully perform the covenants and agreements thereafter mentioned, agreed to execute and deliver a deed of conveyance in fee simple, &c.

To the terms of sale there is the condition, "Provided, always, (and these presents are upon this express condition,) that in case of failure in the performance of either of the covenants or agreements on the part of the vendee to be performed, the vendor shall have the right to declare this contract void." The contract concludes with a minute description of the relations and consequences that were to ensue from the exercise, by the vendor, of the right he had thus reserved.

The contingency thus foreseen and provided for occurred. The defendant failed to perform either term of his contract, and his answer contains no valid excuse for his neglect.

The defendant in error objected, that the matter in dispute was not of the value of one thousand dollars, and therefore this court had no jurisdiction of the cause. The objection might be well founded, if this was to be regarded merely as an action at common law.

But the equitable as well as the legal considerations involved in the cause, are to be considered. The effect of the judgment is to adjust the legal and equitable claims of the parties to the subject of the suit.

The subject of the suit is not merely the amount of rent claimed, but the title of the respective parties to the land under the contract. The contract shows that the matter in dispute was valued by the parties at eight thousand dollars. (Bennett *v.* Butterworth, 8 How., 124.) We think this court has jurisdiction. Judgment affirmed.