By the Court.—Gildersleeve, J.
On or about the 7th day of April, 1892, the defendant Guttman deposited tlie sum of $180 -with the plaintiff, which is a savings bank organized under the laws of this State. Subsequently the defendants Friend & House made a demand upon the plaintiff for said sum so deposited, *408 claiming that it had been assigned to them by the defendánt Guttman, and they brought a suit in the City Court to recover such sum, which suit is defended by this plaintiff on the .ground that it knows of no such assignment by Guttman to Friend & House. Plaintiff further claims that the defendant Guttman still claims the deposit as his own, and that the defendant Podrasky also has made a demand on plaintiff for it, claiming that said money was stolen from him by the defendant Guttman. Plaintiff has, therefore, brought this action to restrain the defendants Friend & House from further prosecuting their action in the City.Court, and also to compel the respective defendants to interplead among themselves, and praying that plaintiff, upon the payment into court of the said sum, be discharged from all liability, and be allowed its costs and . disbursements. Plaintiff applied to the court for an injunction restraining the defendants Friend & House -from a further prosecution of their action in the City Court, and from the order denying the motion plaintiff appeals to the general term.
From the affidavit of defendant Guttman, it appears that he admits making the assignment to Friend and House, and denies that he has made any claim to the said money since such assignment. This disposes of any apprehension that plaintiff may feel as to the position of the defendant Guttman. It also appears from the appeal papers that the charge of stealing the money made by the defendant Podrasky against the defendant Guttman was dismissed by the Grand Jury. We think, therefore, that the plaintiff’s fears of the claim of Podrasky are too shadowy and unsubstantial to be given serious consideration. Guttman’s claim is disposed of by his own affidavit, in which he swears he assigned it to Friend & House. Podrasky, as plaintiff asserts, claims by title superior to the depositor, Guttman, alleging that Guttman stole the money from him ; but the court will refuse *409 to allow a savings bank to implead an adverse claimant of a deposit in the bank, where claimant claims by title superior to depositor, as the bank cannot dispute the title of its depositor Lund v. Seaman’s Savings Bank, 20 How., 461; unless, indeed, the third party who claims to have been despoiled of his money proceeds by process of law to enforce his rights, which Podrasky has not done. See Lund v. Seaman’s Savings Bank, 23 How., 258.
We are of the opinion that the plaintiff is not entitled to an interpleader, and, therefore, no right to the injunction sought, existed.
The motion for the injunction was properly denied. The order appealed from is affirmed, with ten dollars costs and disbursements.
Freedman, P. J., concurred.