**EQUITABLE LIFE ASSUR. SOC. OF THE UNITED STATES v. WILSON.**

No. 7856.

Circuit Court of Appeals, Ninth Circuit.

Jan. 27, 1936.

Newlin & Ashburn and William D. Gallagher, Jr., all of Los Angeles, Cal., for appellant.

David Spaulding, of West Los Angeles, Cal., for appellee.

Before WILBUR, DENMAN, and HANEY, Circuit Judges.

DENMAN, Circuit Judge.

W. B. Wilson, appellee, hereinafter called "insured," brought an action at law on a policy of insurance issued to him by the Equitable Life Assurance Society of the United States, hereinafter called "insurer." By his complaint, he alleged the existence of the policy which insured against death in the amount of $2,500 and against permanent total disability in the amount of $25 per month. He alleged that premiums were paid by him on the policy so as to keep it in force until November 27, 1930; that prior to November 27, 1930, and while the policy was in force, he contracted pulmonary tuberculosis and as a result thereof became within the terms of the policy, totally and permanently disabled. He alleged due proof of such disability and that the $25.00 monthly disability payment had become due from October 18, 1930, to the date of filing the complaint, June 22, 1932. There is no prayer for general relief and no pleading for declaratory relief under 28 U.S.C.A. § 400 with relation to the continued existence of the policy.

Insured alleged generally that the amount involved in the controversy was in excess of $3,000, but the specific allegation showed that the monthly payments then due were but $750, and he prayed judgment for that amount only. There was no allegation of fact which tendered controversy as to the right to any other relief than a law judgment for $750, exclusive of interest and costs, and none was prayed.

The insurer demurred to the complaint on the ground that it appeared upon its face that the matter in controversy does not exceed, exclusive of interest and costs, the sum or value of $3,000.

It is apparent from an inspection of the complaint that it does not allege a matter in controversy of which the value exceeds the jurisdictional requirement. All that appears from the complaint is that there is a policy in full force and effect which created two insurances, one on the life of the insured and the other on his disability. No claim is made under the life insurance, and the only claim that is made is that $750 is due on the disability payments and unpaid by the defendant. This is the only matter upon which a controversial issue is tendered and under no theory can the face of the life policy be added to the disability benefits to produce a sum in controversy in excess of $3,000.

The order overruling the demurrer is error and reversible unless elsewhere in the record a controversy in excess of the jurisdictional amount is shown.

The insurer's answer set up a policy creating two insurances, one for $2,500 against death, and the other for $25 monthly payments during total and *"presumably"* permanent disability, and providing that the premiums on the entire policy were waived

during the continuance of the disability. The answer alleged lapse of the policy for failure to pay premiums prior to the beginning of the presumably permanent disability. It joined issue on the only controversy tendered by the complaint, the right to $750 due for such monthly disability payments. The answer denied that the matter in controversy exclusive of costs and interest exceeded the sum or value of $3,000.

The case was tried and the court found true the allegations of the complaint concerning the policy provisions for payment of the monthly disability amounts and the nonliability for premiums during disability, the existence of the disability and the breach by the insurer by nonpayment of the monthly amounts. The court concluded that the insured was entitled to monthly payments of $25 from and after November 24, 1930, to the date of the judgment, in all including interest $1,065. Thus the insured was awarded the full relief he prayed for, not only to the date of filing his complaint, but to the date of his judgment, and that sum was but slightly more than one-third of the jurisdictional amount.

In addition, under "Conclusions of Law," is the following language of the court: "From the above Findings of Fact, the Court makes the following Conclusions of Law: ' * * * That the amount involved in this action exceeded at the time the action was filed, the sum of $3,000.00 exclusive of interest and costs.' " Whether this statement should be deemed a conclusion of law or of fact, by its terms it is a "conclusion" "from" the preceding findings of fact and not a finding or conclusion directly based on the evidence itself.

The question then is whether the judgment can rest on such a conclusion when the findings of fact, on which the conclusion in turn rests, show affirmatively that the only controversy tendered and on which issue was joined was decided in favor of the insured and his full relief prayed for when granted amounted to less than the $3,000 jurisdictional amount.

The insured claims that because the insurer's answer met the controversy tendered as to the disability payments, by alleging the lapsing of the policy covering the $2,500 life insurance as well as the disability, the $2,500 should be added to the unpaid disability payments, thus making a total in excess of $3,000.

This claim cannot prevail. The Supreme Court has decided that, in an action at law in which the controversy is for a sum less than the jurisdictional amount, the fact that the proof that the lesser sum was not then due, involved the invalidity of a contract for a larger sum in excess of $3,000, but not then sued for, does not create a controversy in excess of $3,000.

In New England Mortgage Security Co. v. Gay, 145 U.S. 123, 130, 131, 12 S.Ct. 815, 816, 36 L.Ed. 646, the amount in controversy was found by the court to be $2,429.34. The suit was for a loan for a sum in excess of the jurisdictional amount; the defense was usury, and the effect of an adjudication of usury would have made the entire mortgage note and the security thereunder invalid. The court said: "It is well settled in this court that, when our jurisdiction depends upon the amount in controversy, it is determined by the amount involved in the particular case, and not by any contingent loss either one of the parties may sustain by the probative effect of the judgment, however certain it may be that such loss will occur. * * * In Troy v. Evans, 97 U.S. 1 [24 L.Ed. 941], action was brought to recover certain installments upon bonds, the aggregate of which bonds exceeded $5,000, but the judgment was for less. The case was dismissed, although it appeared that the judgment would be conclusive in *another action upon future installments upon the same bonds.*" (Italics inserted.)

In Mutual Life Ins. Co. v. Wright, 276 U.S. 602, 48 S.Ct. 323, 72 L.Ed. 726, the Supreme Court affirmed the decision of the Circuit Court of Appeals (19 F.(2d) 117) "for the reason that the amount involved is not sufficient to sustain Federal jurisdiction," citing, among others, New England Mortgage Security Co. v. Gay, supra. The Circuit Court of Appeals decision held as follows:

"We are of opinion that the trial court did not have jurisdiction of the subject-matter, and therefore erred in denying appellant's motion to remand the cause to the state court. 'The matter in controversy' was the amount for which appellant could recover judgment. That amount, which could not exceed $420, was much less than is required to confer ju-

risdiction on a federal District Court. It is true that in this action the question was involved whether appellee was liable for double indemnity on past-due install-· ments, and that a decision upon that question would work an estoppel as to liability for future installments in an aggregate amount which would exceed the jurisdictional amount of $3,000. Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195.

"But the collateral effect of a judgment is not the test of jurisdiction. It was so held in the leading case of Elgin v. Marshall, 106 U.S. 578, 1 S.Ct. 484, 27 L.Ed. 249."·

See, also, Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248.

Although no such controversy was raised by the pleadings, or such relief prayed for, the judgment, in addition to awarding insured $1,065, recited "that all premiums falling due on said policy of insurance be, and the same are hereby waived, as provided in said policy of insurance." While this unpleaded and unprayed for declaratory adjudication obviously is irrelevant and surplusage, it may be remarked that it is for no stated amount, and nothing in the findings or judgment gives a basis for its computation. If the sum were determined by the policy pleaded in the answer, the amount was but $8.91 quarterly, and totaled at the filing of the complaint but $85.62, and at the time of judgment but $156.92. When added to the $1,065 specifically adjudged, the total is still less than half the jurisdictional amount.

Insured relies upon the case of Bell v. Philadelphia Life Ins. Co. (C.C.A.) 78 F.(2d) 322, a suit in equity in which the insured's bill sought both a declaration of the existence of a $10,000 policy and the recovery of disability installments. Instead of supporting his contention, that case states the law applicable here to be the exact contrary. Judge Parker there points out the difference between the instant action at law, where the ·pleadings show nothing more than a claim for installments due on a contract in less than the statutory amount, and where the defense is the invalidity of the entire contract for a greater amount, and the bill there under consideration, where the plaintiff sought declaratory relief in the form of a declaration that the entire policy was valid. Judge Parker's opinion care-

fully draws the distinction in discussing New England Mortgage Security Co. v. Gay, supra, as contrasted with other cases where the relief sought involved a judgment as to the continuing validity of the policy.

The insured also relies on Brotherhood of Locomotive Firemen and Enginemen et al. v. Pinkston, 293 U.S. 96, 55 S.Ct. 1, 79 L.Ed. 219. That case arose on a bill in equity brought to protect the entire contract giving to the complainant a monthly pension for the remainder of her life. The protection sought was the administration of a fund of the Brotherhood which had made the contract sought to be protected, which fund it was claimed was being so administered that it would destroy the value of the entire contract. No such equitable right to protect the entire insurance policy has been urged or could be urged in this action at law. The Supreme Court draws the distinction between the two in the following language: "This, it will be seen, is not an action at law to recover overdue installments, but a suit in equity *to preserve and protect a right to future participation in the fund.* If the value of *that right* exceeds $3,000, the District Court has jurisdiction." 293 U.S. 96, 99, 100, 55 S.Ct. 1, 2, 79 L.Ed. 219. (Italics inserted.)

The same is true as to insured's reliance on the case of Thompson v. Thompson, 226 U.S. 551, 33 S.Ct. 129, 57 L.Ed. 347, where a wife sought in the courts of the District of Columbia the enforcement of a Virginia decree ordering her husband to pay the maintenance of herself and child. In that proceeding the controversy was not simply whether the maintenance then due exceeded the sum of $3,000. The question was whether or not a District of Columbia court gave full faith and credit to the decree of the Virginia court, thus tendering a controversy of the entire value of the decree to the complainant in the bill.

The insured also relies on the decision of this court in New York Life Insurance Company v. Kaufman, 78 F.(2d) 398, 401. The jurisdictional amount was there sufficiently stated in the bill, for the matters in dispute were policies of insurance alleged to have a value in ex-. cess of $3,000, *sought to be canceled for fraud.* The court, having secured jurisdiction by the bill as to the amount in con-

troversy, retained it for the insured's cross-bill for a sum less than the jurisdictional amount.

Although not presented for our consideration by the parties, the complaint fails to state the citizenship of the insurer. The allegation "that the defendant is a corporation with its home office located at 393 Seventh Avenue, New York City, New York" does not state the citizenship of the corporation. Since the action must be dismissed for the reasons above stated, it is unnecessary to consider whether the description of the corporation as having a home office in the city of New York "defectively" alleges diversity of citizenship within section 399, title 28 U.S.C.A. If this be a defective allegation which may be amended under that section, the amendment would have to be made in the District Court, with its denial or admission in the answer of the insurer.

There is nothing in the record here which warrants us so to amend the complaint and find it admitted by the insurer. Utah Radio Products Co. **v.** Boudette (C.C.A.) 78 F.(2d) 793, 801.

Reversed.