## EDELMANN v. TRAVELERS INS. CO. OF HARTFORD, CONN.

### No. 6190.

District Court, D. Maryland.

Nov. 13, 1937.

Herman M. Moser and Philip Margolis, both of Baltimore, Md., for plaintiff.

Jesse Slingluff, Jr., William L. Marbury, Jr., and Marbury, Gosnell & Williams, all of Baltimore, Md., for defendant.

CHESNUT, District Judge.

The question now presented is the same as that decided by this court in Berlin v. Travelers Insurance Company of Hartford, Connecticut, 18 F.Supp. 126. In this case, as in that, the plaintiff sued at law in a Maryland State Court to recover disability benefits alleged to be due under a life insurance policy; and on the defendant's petition in the state court the case was removed to this court on the ground of diversity of citizenship; and here the plaintiff has promptly moved to remand the case on the ground that the matter in controversy does not exceed the sum or value of three thousand dollars ($3,000) exclusive of interest and costs. United States Code, title 28, § 41(1), 28 U.S.C.A. § 41(1).

The plaintiff's declaration in its conclusion formally demands $6,000 damages but it appears by simple calculation based on the facts alleged in the declaration that the maximum sum which could be recovered by the plaintiff in this case is less than $3,000—about $2,800. Defendant's counsel concedes this to be true, but seeks to support the jurisdiction in this court by reason of the untraversed averment in the petition for removal that—

"Said petitioner, by operation of law, requirements of the Insurance Department of the State of Connecticut, and in accordance with sound actuarial principles

and practice will be required to set up a reserve in the event the plaintiff should prevail herein, and be required to keep and maintain such reserve in excess of $3,000, which reserve, together with the more particular matters claimed by said plaintiff  * .* * is the true amount or matter in dispute in said cause."

█ The amount of damages formally claimed by the plaintiff in the *ad damnum* clause is not controlling as to the amount in controversy where it clearly appears from the plaintiff's declaration that the maximum amount recoverable in the suit is less than $3,000. Lee v. Watson, 1 Wall. 337, 17 L.Ed. 557; Vance v. W. A. Vandercook Co., 170 U.S. 468, 18 S.Ct. 645, 42 L.Ed. 1111; Lion Bonding & Surety Co. v. Karatz, 262 U.S. 77, 86, 43 S.Ct. 480, 483, 67 L.Ed. 871. I understand this is not disputed by defendant's counsel.

█ The question here, therefore, is, as it was in the Berlin Case, simply whether the alleged requirement for the maintenance of a reserve shows a sufficient sum in controversy to support the jurisdiction. In the Berlin Case after full consideration the conclusion was reached that it did not. The prior federal cases which had given consideration to the particular point were reviewed and it is unnecessary here to repeat what was then said in discussing the matter both on principle and authority. The only later cases dealing with the same subject that have been called to my attention are Ross v. Travelers Insurance Co.; 18 F.Supp. 819, where the district court for the Eastern district of South Carolina followed its former decision in Enzor v. Jefferson Standard Life Ins. Co., 14 F. Supp. 677, upholding jurisdiction; Small v. New York Life Ins. Co., 18 F.Supp. 820, where the district court for the Northern district of Alabama decided against the jurisdiction after an extensive review of the cases; and Shabotzky v. Massachusetts Mutual Life Ins. Co., 21 F.Supp. 166, where Judge Clancy in the Southern District of New York in an opinion dated May 27, 1937, also decided against the jurisdiction.

A few other cases, not directly in point, but thought to have some bearing by analogy on the question, and not previously referred to, have now been called to my attention by counsel for the defendant. Particular reference is made to Brotherhood of Locomotive Firemen v. Pinkston, 293 U.S. 96, 55 S.Ct. 1, 79 L.Ed. 219, and Thompson v. Thompson, 226 U.S. 551, 33 S.Ct. 129, 57 L.Ed. 347. In both cases the amount in controversy sufficient to establish federal jurisdiction was found, but both cases are clearly distinguishable both on the facts and reasoning. In the Pinkston Case the plaintiff's bill in equity sought to preserve the integrity of an entire fund of nearly $300,000, in which it was shown that her personal interest considerably exceeded $3,000. The distinction from the present case was expressly made by the court in the sentence in the opinion reading (293 U. S. 96, at page 99, 55 S.Ct. 1, 2, 79 L.Ed. 219):

"This, it will be seen, is not an action at law to recover overdue installments, but a suit in equity to preserve and protect a right to future participation in the fund."

The Thompson Case arose at a time when the appellate jurisdiction of the Supreme Court on appeals from the Court of Appeals of the District of Columbia was limited to cases where the sum involved was in excess of $5,000. A wife had obtained a decree against her husband for support and maintenance at the rate of $75 per month together with $500 for counsel fees. The decree was reversed by the Court of Appeals of the district and on appeal to the Supreme Court the jurisdiction was upheld although the accrued installments of alimony were for much less than $5,000. In reviewing the Thompson Case, the Court in the Pinkston Case said:

"It was held that the expectancy of life of the parties was clearly sufficient to make up the balance, and jurisdiction was upheld. Mr. Justice Pitney, who delivered the opinion, said, page 560 of 226 U.S., 33 S.Ct. 129, 130, 57 L.Ed. 347: 'The future payments are not in any proper sense contingent or speculative, although they are subject to be increased, decreased, or even cut off, as just indicated.'"

These two cases were also reviewed and distinguished by the Circuit Court of Appeals for the 9th Circuit in Equitable Life Assurance Soc. v. Wilson, 81 F.(2d) 657, 660, in a case involving a question as to the amount in controversy.

It is also suggested that some expressions of the courts (with respect to required reserves) in cases arising under the Declaratory Judgment Act, 28 U.S.C.A. § 400, in its application to controversies between policyholders and life insurers, tend to sup-

port the basis of jurisdiction here contend-ed for by the defendant insurer. The opinion of the Supreme Court in Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000, and even more particularly the reference to the reserve made in opinions in the Circuit Court of Appeals in the same case (84 F.(2d) 695), are thought to be in point. But a reading of the several opinions in that case will show very clearly that nothing there said about the required reserves had relation to the amount in controversy, which indeed was not an issue in the case. The controlling question in both lower courts and in the Supreme Court was whether the nature of the particular suit under the federal Declaratory Judgment Act really involved a "controversy" in the constitutional sense; and it seems quite apparent from a reading of the several opinions that the references therein to the required reserve had a bearing only on that question. Jurisdiction as dependent on the amount in controversy was not discussed at all, probably for the entirely sufficient reason that the suit involved the existing integrity of several life insurance policies aggregating $40,000 in amount. The case of Stephenson v. Equitable Life Assur. Soc., 92 F.2d 406, decided September 29, 1937, by the Circuit Court of Appeals for the 4th Circuit, also arose under the Declaratory Judgment Act, and did involve a question whether the amount in controversy in the particular case was sufficient to support the jurisdiction. In finding affirmatively that it did, Judge Parker, for the Court said:

"And we think there can be no question but that the requisite jurisdictional amount was involved in the suit. This amount was not merely the unpaid disability installments, as the judge below erroneously thought, but also the $5,000 double indemnity feature of the policy, which the company had declared void, and the $5,000 ordinary life feature, which the company had declared lapsed and for which it had substituted extended term insurance in that amount."

There was, however, no question in the case with regard to a required reserve.

After renewed consideration of the subject, I must adhere to the view announced in the Berlin Case. It results that the motion to remand the case to the State Court must be granted and it is now hereby so ordered.