RYDSTROM v. MASSACHUSETTS
ACC. CO.

No. 6472.

District Court, D. Maryland.

Oct. 15, 1938.

George Cochran Doub, of Baltimore, Md., for plaintiff.

Edward L. Ward, of Baltimore, Md., for defendant.

CHESNUT, District Judge.

In this case the plaintiff filed its suit in this court on June 21, 1938 asking a declaratory judgment affirming the present force and validity of a "non-cancellable disability" policy of insurance issued to him by the defendant in 1921. The defendant has filed a motion to dismiss on two grounds: (1) That the defendant filed its bill of complaint in the Circuit Court No. 2 of Baltimore City on June 21, 1938, seeking a cancellation and rescission of said policy for alleged material misrepresentations in its procurement and (2) that the amount in controversy in the case in this court does not exceed $3,000 exclusive of costs and interest, the jurisdiction of the court being based on diverse citizenship alone. The plaintiff filed an answer to this motion opposing the dismissal, and the parties have filed a brief stipulation as to certain existing facts. After hearing argument on the motion I have concluded that it should be overruled.

As to the first ground of dismissal, it appears that both suits were filed on the same day and process promptly issued in both to the respective defendants. In the case in this court the process was served on June 21, 1938 and in the state court case on June 23, 1938. Both courts have jurisdiction of the respective cases and there seems to be no valid reason why both cases cannot currently proceed in the respective courts although very probably the case first tried will be res adjudicata as to the other. There is here no conflict between the respective jurisdictions. Both suits are in personam and not in rem although both relate to the subject matter of the same insurance policy. Neither court has taken jurisdiction of a fund in controversy. There would seem to be no good reason for a dismissal of either case merely by reason of the pendency of the other. In this respect the case is quite unlike Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321, where, in view of the *prior* pendency of a

suit in the state court and other special circumstances, the federal court in its discretion declined to exercise the extraordinary remedy of the Federal Declaratory Judgment Act (Jud.Code § 274d, 28 U.S.C.A. § 400). The remedy of the declaratory judgment in this case is of equal if not greater efficiency than the attack on the policy made in the state court. There should of course be no unseemly race of diligence as to which case should be tried first. I am informed by counsel that in the state court case the progress of the case has been stayed upon the application of the plaintiff here without opposition from the plaintiff there, pending the decision on this motion to dismiss. Upon the overruling of the motion here to dismiss the case counsel are entirely at liberty to proceed at their pleasure in the state court subject to its approval. Kline v. Burke Construction Co., 260 U.S. 226, 230, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077; Anderson v. Aetna Life Ins. Co., 4 Cir., 89 F.2d 345.

The second ground for the dismissal, based on the alleged insufficiency of the amount in controversy, presents a very different case. The relevant facts appearing in the papers bearing on that question are as follows: The policy insured the plaintiff "against disability resulting from bodily injuries through accidental means and against disability by disease", and in the event of the plaintiff becoming wholly and continuously disabled, agreed to indemnify him at the rate of fifty dollars per week during its continuance. It is alleged that the plaintiff made payment of all premiums falling due under the policy at the annual rate of $105 from February 28, 1921 until on or about March 16, 1932, when he became wholly disabled from disease which has continued to the present time and is alleged to be permanent in nature; and the defendant has made payment to the plaintiff of disability benefits as provided in the policy from approximately March 1932 until May 1938; but by registered letter dated May 23, 1938, the defendant has notified the plaintiff that the contract was rescinded as of the date of issue on the ground of misrepresentations in its procurement, and has refused to make further payments of disability benefits from May 1, 1938 to date; and has made demand upon the plaintiff for the return of all benefits heretofore paid under the policy after crediting premiums paid, to wit for the return of $14,295.46, and has threatened to institute legal proceedings to cancel the policy and recover the amount so paid. Plaintiff further denies the existence of any ground for cancellation of the policy, alleges continued total and permanent disability, and that his life expectancy is approximately twenty years.

Annexed to the plaintiff's answer to the defendant's motion to dismiss is a copy of the bill of complaint filed by the defendant insurer in the state court seeking a cancellation of the policy and a monetary decree against the insured in the amount of $14,295.46.

In my opinion these alleged facts show that the amount in controversy here is more than $3,000 exclusive of interest and costs. Of course the amount of the accumulated and unpaid weekly benefits alleged to be due is much less than that amount, and if this were the sole controversy in the case it is clear that the suit would have to be dismissed for lack of the jurisdictional amount. Berlin v. Travelers Ins. Co., 18 F.Supp. 126, D.C. Md.; Edelmann v. Travelers Ins. Co., 21 F.Supp. 209, D.C.Md. But this is by no means the whole controversy in the case. It is quite apparent that the controversy between the parties involves not only the insured's claim to weekly benefits of $50 for life (which may exceed $3,000 in amount) but also his possible liability for $14,295.46 already received. And this is directly, and not merely collaterally or incidentally in issue. See Berlin v. Travelers Ins. Co., supra. It is said by the defendant that it has set up no claim in this case for the recovery of the latter sum and for that reason it is not in controversy. But it appears from the plaintiff's complaint that he is defending against the claim already made by asking a declaratory judgment that the policy is valid. The intent of the limitation on jurisdiction to cases involving more than $3,000 was merely to prevent litigation in the federal courts of issues involving comparatively small sums. Here the real controversy is over the integrity of the policy as a whole, involving further payments of $50 a week to the insured for his life and determining his liability for the repayment of $14,295.46. In this aspect the jurisdiction seems to be supported by Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.

R. 1000, and Stephenson v. Equitable Life Assur. Soc., 4 Cir., 92 F.2d 406; Bell v. Philadelphia Life Ins. Co., 4 Cir., 78 F.2d 322, all under the Declaratory Judgment Act. It is further supported by earlier cases in the Supreme Court. Thompson v. Thompson, 226 U.S. 551, 33 S.Ct. 129, 57 L.Ed. 347; Brotherhood of Locomotive Firemen v. Pinkston, 293 U.S. 96, 55 S.Ct. 1, 79 L.Ed. 219. Stinson v. Dousman, 20 How. 461, 15 L.Ed. 966, as explained in New England Mortgage Security Co. v. Gay, 145 U.S. 123, 131, 12 S. Ct. 815, 36 L.Ed. 646, is particularly in point in principle. It is clearly distinguishable from Equitable Life Assur. Soc. v. Wilson, 9 Cir., 81 F.2d 657, 659, where there was no judgment asked as to the validity of the policy.