Montgomery, Fenner & Brown, **of New** Orleans, La., for complainant.

Richard L. Crowell, of Alexandria, La., for defendant.

## MUTUAL LIFE INS. CO. OF NEW YORK v. TEMPLE.

### Civ. A. No. 1023.

District Court, W. D. Louisiana, Alexandria Division.

Sept. 19, 1944.

PORTERIE, District Judge.

The Mutual Life Insurance Company of New York as complainant institutes this action against the defendant, seeking a declaratory judgment adjudging and determining the rights and obligations of the parties with respect to the payment of disability benefits under a life insurance contract. The contract is based on the condition of a twenty-year pay; the twenty annual full premiums (date of last payment, July 26, 1942) have been paid. Since the year 1932 the insured, upon submitted proof, had been accepted as being totally and permanently disabled under the terms and provisions of the policy; disability benefits were paid to May 1, 1944, at which time, the complainant company having allegedly acquired knowledge on or about March 31, 1944, that the insured was not, and had not been, totally and permanently disabled, discontinued payments. Since the disability has been for over ten years, the disability benefit now to be paid under the policy terms is $100 per month.

Accordingly, the complainant entered court in the manner above described and seeks to maintain jurisdiction in that the amount in controversy, exclusive of interest and costs, exceeds the sum of $3000, on two grounds: (a) because the insured under the mortality tables has a life expectancy substantially in excess of twenty-nine months, and (b) that in accordance with the requirements of the law of the state of New York complainant is obligated to establish a reserve in excess of $3000 and that this reserve is actually now maintained.

The complaint was filed and the summons issued on the 30th day of June, 1944; therefore, the defendant claims that there were only two months of disability

738

benefits in arrears, and consequently, the only amount at issue in this suit is $200, and that the alleged reserve of $3000, under the law, is unavailing to give jurisdiction; so, pursuantly, the defendant has filed a motion to dismiss.

After argument, we surmise that the complainant company, knowing full well the status of the law on jurisdiction in this type of case, based its petition on two cases in particular of the Circuit Court of Appeals for this district, to-wit: Mutual Benefit Health & Accident Association v. Fortenberry et al., 5 Cir., 98 F.2d 570, and Ballard et al. v. Mutual Life Insurance Co. of New York, 5 Cir., 109 F.2d 388, this latter case mainly based on Brotherhood of Locomotive Firemen, etc., v. Pinkston, 293 U.S. 96, 55 S.Ct. 1, 79 L.Ed. 219. Counsel said that under the two decisions, supra, complainant was entitled to jurisdiction solely on the one point that the product of the number of years of expected life by the sum of $1200 ($100 per month for a year) will exceed the required amount for jurisdiction.

The presiding judge of this court has to repeat what he said in the case of Mitchell v. Mutual Life Insurance Company of New York, D.C., 31 F.Supp. 441, at page 443: "If the plaintiff be determined by trial to be totally and permanently disabled, he will be entitled to a money judgment for six months at $30 per month, or the sum of $180. We are computing to the date of filing suit, December 7, 1939, which is the date on which jurisdiction is to be ascertained. Payments in the future during total and permanent disability are not to be considered in establishing jurisdiction. Wright v. Mutual Life Ins. Co. of New York, 5 Cir., 19 F.2d 117; Mutual Life Ins. Co. of New York v. Wright, 276 U.S. 602, 48 S.Ct. 323, 72 L.Ed. 726; [Town of] Elgin v. Marshall, 106 U.S. 578, 1 S.Ct. 484, 27 L.Ed. 249; Small v. New York Life Ins. Co., D.C., 18 F. Supp. 820."

In the same case, 31 F.Supp. at page 444, we said:

"However, the company, in its petition to remove to the federal court, refers to the requirement of the insurance contract that a reserve of $3,000 is to be established, in the case plaintiff be declared totally and permanently disabled. This amount is reached by a consultation of mortality tables in respect to plaintiff's life expectancy.

"We find that such a contingent reserve is no basis to establish jurisdiction. Shabotzky v. Massachusetts Mut. Life Ins. Co., D.C., 21 F.Supp. 166; Wright v. Mutual Life Ins. Co., 5 Cir., 19 F.2d 117; Small v. New York Life Ins. Co., D.C., 18 F. Supp. 820. There are cases holding otherwise, but we adhere to the principles of [Town of] Elgin v. Marshall, supra, so long and often followed.

"Moreover, the parties litigant in this case are not trying to vitiate the contract of insurance between them; they are merely seeking a court interpretation of one of the clauses of the contract—the one involving monthly payments because of total and permanent disability. So, the face of the policy in this case does not serve to fix jurisdiction. See Mutual Ben. Health & Accident Ass'n v. Fortenberry et al., 5 Cir., 98 F.2d 570; Shabotzky v. Massachusetts Mut. Life Ins. Co., D.C., 21 F.Supp. 166; Equitable Life Assur. Soc. of United States v. Wilson, 9 Cir., 81 F.2d 657; Bell v. Philadelphia Life Ins. Co., 4 Cir., 78 F.2d 322."

We do not rely on our own decision; we are relying on the decisions quoted, particularly the Wright case, affirmed at 276 U.S. 602, 48 S.Ct. 323, 72 L.Ed. 726. Incidentally, it is a Fifth Circuit case.

The other judge of this court approved of the Mitchell case, supra, in Godfrey v. Brown Paper Mill Company, Inc., D.C., 52 F.Supp. 926.

In addition to the above authorities, we should quote from Mutual Life Insurance Co. of New York v. Moyle, et ux., 4 Cir., 116 F.2d 434, at page 435: "We think it clear that all that is in controversy is the right of the insured to the disability payments which had accrued at the time of suit. The company is obligated to make these payments only so long as the condition evidencing total and permanent disability continues; and, as this condition, theoretically at least, may change at any time, it is impossible to say that any controversy exists as to any disability payments except such as have accrued. New York Life Ins. Co. v. Viglas, 297 U.S. 672, 56 S.Ct. 615, 80 L.Ed. 971; New York Life Ins. Co. v. Stoner, 8 Cir., 92 F.2d 845; United States Fidelity & Guaranty Co. v. McCarthy, 8 Cir., 33 F.2d 7, 13, 70 A.L.R. 1447; Metropolitan Life Ins. Co. v. Hobeika, D.C., 23 F.Supp. 1; Small v. New York Life Ins. Co., D.C., 18 F.Supp. 820. Such a case is to be distinguished

from one where the controversy relates to the validity of the policy and not merely to liability for benefits accrued; for, in the latter case, the amount involved is necessarily the face of the policy in addition to the amount of such benefits. See Stephenson v. Equitable Life Assur. Soc., 4 Cir., 92 F.2d 406; Bell v. Philadelphia Life Ins. Co., 4 Cir., 78 F.2d 322; Pacific Mutual Life Ins. Co. v. Parker, 4 Cir., 71 F.2d 872."

The Ballard case was declared against in Mutual Life Insurance Co. of New York v. Moyle, supra, in the following language: "Plaintiff relies also upon Ballard v. Mutual Life Ins. Co., 5 Cir., 109 F.2d 388; but, with great respect to the able court that rendered that decision we are unable to follow it, if its holding is that, in a case such as this, where disability payments and waiver of premiums cease upon cessation of disability, the disability payments and the amount of the premiums over the life expectancy of the insured, rather than the disability payments and premiums past due, fix the amount in controversy for purposes of jurisdiction. The decision seems to have proceeded on the theory that the plaintiff was seeking the cancellation of a claim of the value of the policy; and on this basis it was distinguished by Judge Waller in Travelers Ins. Co. v. Wechsler, D.C., 34 F.Supp. 721, 723, a case 'on all fours' with the case at bar."

The language of the Ballard case is explicit, is strong, and comes from our own circuit [109 F.2d 389]: "This claim (from the asserted liability for which the plaintiff asked to be relieved) was alleged to be in excess of $3,000, and, since the insured is only forty-two years of age, has a reasonable life expectancy of many years, and is alleged to be totally and permanently disabled, it appears to us that the value of his claim is not overstated."

The sentence immediately following the above, especially since it contains the word italicized by us, begins to limit the breadth of meaning of the language: "The amount in controversy is the value of his claim which the company is seeking to have *cancelled* in the court below, not the amounts sued for in the state courts."

What in our opinion takes away most from the apparent meaning of the first quotation above is the list of cases given to support it: Brotherhood of Locomotive Firemen & Enginemen **v.** Pinkston,

supra; Mutual Ben. Health & Accident Ass'n v. Fortenberry, supra; C. E. Carnes & Co. v. Employers' Liability Assur. Corp., Ltd., 5 Cir., 101 F.2d 739; Rydstrom v. Massachusetts Acc. Co., D.C., 25 F. Supp. 359.

As to the Pinkston case, and its ancestor, Thompson v. Thompson, 226 U.S. 551, 33 S.Ct. 129, 57 L.Ed. 347, Judge Parker in Mutual Life Ins. Co. of New York v. Moyle et ux., says: "In that case, however, the amount involved was the present value of monthly payments fixed by contract and terminable only upon the remarriage of the person entitled to receive them. The court held that the effect of the expectancy of remarriage was capable of actuarial determination, and that the value of the right to receive the payments subject to that contingency was $6,000. Here the right to disability payments and waiver of premiums terminates when disability ceases to exist. There is accordingly no fixed right to the continuance of the payments; and the only justiciable controversy relates to the disability payments which have accrued. Such a case was distinguished by the Supreme Court in the Pinkston case, where, referring to the case before it, the Court said: 'This, it will be seen, is not an action at law to recover overdue installments, but a suit in equity to preserve and protect a right to future participation in the fund'. On like principles, the decision in Thompson v. Thompson, 226 U.S. 551, 33 S.Ct. 129, 57 L.Ed. 347, is distinguishable from the case at bar. See Equitable Life Ins. Co. v. Wilson, supra, 9 Cir., 81 F.2d 657, 660."

Judge Chesnut in the case of Edelmann v. Travelers Insurance Co., D.C., 21 F. Supp. 209, at page 210, gives an interesting differentiating estimate of both the Pinkston and the Thompson cases, much in line with what is quoted above, but for the sake of brevity we have to forego the quotation.

The Pinkston and Thompson cases are considered and analyzed in the case of Equitable Life Assurance Society v. Wilson, 9 Cir., 81 F.2d 657, at page 660, in the following language:

"The insured also relies on Brotherhood of Locomotive Firemen and Enginemen et al. v. Pinkston, 293 U.S. 96, 55 S.Ct. 1, 79 L.Ed. 219. That case arose on a bill in equity brought to protect the entire contract giving to the complainant

a monthly pension for the remainder of her life. The protection sought was the administration of a fund of the Brotherhood which had made the contract sought to be protected, which fund it was claimed was being so administered that it would destroy the value of the entire contract. No such equitable right to protect the entire insurance policy has been urged or could be urged in this action at law. The Supreme Court draws the distinction between the two in the following language: 'This, it will be seen, is not an action at law to recover overdue installments, but a suit in equity *to preserve and protect a right to future participation in the fund.* If the value of *that right* exceeds $3,000, the District Court has jurisdiction.' 293 U. S. 96, 99, 100, 55 S.Ct. 1, 2, 79 L.Ed. 219, (Italics inserted.)

"The same is true as to insured's reliance on the case of Thompson v. Thompson, 226 U.S. 551, 33 S.Ct. 129, 57 L.Ed. 347, where a wife sought in the courts of the District of Columbia the enforcement of a Virginia decree ordering her husband to pay the maintenance of herself and child. In that proceeding the controversy was not simply whether the maintenance then due exceeded the sum of $3,000. The question was whether or not a District of Columbia court gave full faith and credit to the decree of the Virginia court, thus tendering a controversy of the entire value of the decree to the complainant in the bill."

In the Thompson case, it is said [226 U.S. 551, 33 S.Ct. 130, 57 L.Ed. 347]: "* * * such a decree clearly and finally settles the obligation of the husband to contribute to the support of the wife and offspring, and fixes the amount of contributions required for the present to fulfil that obligation. The future payments are not in any proper sense contingent or speculative, although they are subject to be increased, decreased, or even cut off, as just indicated."

The Fortenberry case, supra, is the next case given in the footnote of the Ballard case. It is immediately distinguished from the instant case because in it the validity of the contract of insurance is at issue, and it is not in the instant case. The issue has been made in argument that the Ballard case would much more firmly establish itself if in it any consideration had been given of the case of Wright v. Mutual Life Ins. Co., supra.

And here is the language of the Fortenberry case [98 F.2d 571]: "Whether the District Court had jurisdiction depends *upon the allegations that the life* expectancy of the insured is 20 years which if realized would entitle him to a total payment of $12,000, to protect which plaintiff is required by law to set up a reserve exceeding $3000. It must be conceded that if plaintiff had brought suit in a state court to collect instalments amounting to less than $3000 it would not have been removable. Wright v. Mutual Life Ins. Co., 5 Cir., 19 F.2d 117; Mutual Life Ins. Co. v. Wright, 276 U.S. 602, 48 S.Ct. 323, 72 L.Ed. 726. But a different question is presented in this case. *Here the insurance company is suing to cancel the policy to protect its rights under the whole contract.* In that aspect obligations it may be compelled to pay in the future are not merely contingent and enter into the amount in dispute. In determining what they are the life expectancy of the insured may be considered. Thompson v. Thompson, 226 U.S. 551, 33 S.Ct. 129, 57 L.Ed. 347; Brotherhood of Locomotive Firemen and Enginemen v. Pinkston, 293 U.S. 96, 55 S.Ct. 1, 79 L.Ed 219; New York Life Ins. Co. v. Swift, 5 Cir., 38 F.2d 175; Jensen v. New York Life Ins. Co., 8 Cir., 50 F.2d 512. There are other cases to the same effect but it is unnecessary to cite them. Cases to the contrary cited by appellee are not controlling." (Italics ours.)

The Wright case appears, but in the way of disapproval of the Ballard case.

Moreover, the plaintiff in the instant case is not suing to cancel the policy to protect its rights under the whole contract. Counsel for both sides have tacitly agreed that the jurisdiction is solely pitched on the question of whether or not the number of years of expectancy of life is to be a factor in arriving at the amount at issue. So the Fortenberry case weakens the Ballard case in that it restricts it and prevents it from being as full in meaning as the language used in it would permit.

The next case in the footnote is that of C. E. Carnes & Co. v. Employers' Liability Assurance Corp., Ltd., supra. This is not only one from our circuit but from our very district, and the language of my distinguished colleague is [101 F.2d 741]: "The amount in controversy is the value of that which is sought to have declared free from doubt—the policy for $25,000."

This case did not involve disability payments at all. The issue was whether or not, under the accident liability contract, an accident having occurred, the policy would or would not include the truck covered while hauling butane gas. Obviously, the facts placed the very face value of the policy at issue—$25,000. This case weakens much the main language in the Ballard case.

And, finally, we must look into the case of Rydstrom v. Massachusetts Acc. Co., supra. After a recital of the facts by the court in this case, the following conclusions are reached [25 F.Supp. 360]:

"In my opinion these alleged facts show that the amount in controversy here is more than $3,000 exclusive of interest and costs. Of course the amount of the accumulated and unpaid weekly benefits alleged to be due is much less than that amount, and if this were the sole controversy in the case it is clear that the suit would have to be dismissed for lack of the jurisdictional amount. Berlin v. Travelers Ins. Co., D.C.Md., 18 F.Supp. 126; Edelmann v. Travelers Ins. Co., D.C.Md., 21 F.Supp. 209. But this is by no means the whole controversy in the case. * * *

"Here the real controversy is over the integrity of the policy as a whole, involving further payments of $50 a week to the insured for his life and determining his liability for the repayment of $14,295.46. In this aspect the jurisdiction seems to be supported by Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000, and Stephenson v. Equitable Life Assur. Soc., 4 Cir., 92 F.2d 406; Bell v. Philadelphia Life Ins. Co., 4 Cir., 78 F.2d 322, all under the Declaratory Judgment Act. It is further supported by earlier cases in the Supreme Court. Thompson v. Thompson, 226 U.S. 551, 33 S.Ct. 129, 57 L.Ed. 347; Brotherhood of Locomotive Firemen v. Pinkston, 293 U.S. 96, 55 S.Ct. 1, 79 L.Ed. 219. Stinson v. Dousman, 20 How. 461, 15 L.Ed. 966, as explained in New England Mortgage Security Co. v. Gay, 145 U.S. 123, 131, 12 S.Ct. 815, 36 L.Ed. 646, is particularly in point in principle. It is clearly distinguishable from Equitable Life Assur. Soc. v. Wilson, 9 Cir., 81 F.2d 657, 659, where there was no judgment asked as to the validity of the policy."

So, from a review of these cases, the Ballard case, in our humble opinion, should not control our decision.

■ In the instant case we are faced with a judgment sought by the plaintiff which would either affirm or deny that disability benefits under the contract are due, and in the contingency that the case after trial would be that the disability payments are due, then by computation considering the expectancy of life, the amount necessary to maintain jurisdiction is reached. In the Thompson case, the judgment declaring that the alimony was due had already been secured. The judgment that disability benefits are due in this case has not yet been secured. The two cases are one whole trial apart.

A differentiation is made by Judge Waller (then District Judge) of the Ballard case in the case of Travelers Insurance Co. v. Wechsler, D.C., 34 F.Supp. 721, 723: "In the Ballard case, supra (109 F.2d 389), the Court refers to 'the value of the claim which the company is seeking to have *cancelled.*' (Italics added.) No claim is sought to be *cancelled* in the present action other than the monthly disability benefits that had accrued, at the rate of Fifty Dollars per month, from the period covered in the last final, and paid, judgment in the New York Courts (1939) to the date of the filing of the present complaint. The claim to be 'cancelled', therefore, is much less than Three Thousand Dollars. The present case seems clearly distinguishable from the case of Ballard v. Mutual Life Insurance Company, supra."

Here is the serious point presented by the very able counsel for the plaintiff. It is difficult of refutation. He makes a great difference between the good number of cited cases, all forming a class of actions at law, where the plaintiff is the insured and, of necessity, under the contract judgment is asked for the number of months for which benefits are due—generally a sum lower than the necessary amount for the maintenance of jurisdiction, and the instant type of case where the plaintiff is the insuring company appearing in a petition for declaratory judgment. His argument is that the underlying purpose of the declaratory judgment is to allow for the determination of matters which are in controversy but not at issue. His contention is that, in order

742

that federal jurisdiction under the declaratory judgment law, Jud.Code § 274d, 28 U.S.C.A. § 400, might be had, the estimated amount which is reasonably due under the contract should fix the jurisdiction and not the very amount that is in dispute and actually due at the time.

He stresses that particularly in Louisiana where there is a penalty statute, the insuring company should be permitted to come into court in order to determine the question vel non as to whether or not the disability benefits are due without there being a breach of the contract by the insuring company, and the jurisdiction under the Declaratory Judgment Act should be a computed or estimated one. He says that our courts have never refused jurisdiction because a definite amount was not due at the time of the suit and by reasonable contingency might never become due; he says further that in the rescission of insurance contracts courts have continuously held that the amount in dispute is the maximum amount payable under the contract in a certain contingency, quoting New York Life Insurance Company v. Swift, 5 Cir., 38 F.2d 175, and cases cited therein, and C. E. Carnes & Co. v. Employers' Liability Assurance Corporation, supra.

■ All of these points are, as far as we are concerned, satisfactorily disposed of by the language cf Judge Parker in the Moyle case, supra, when he said: "The controversy which plaintiff has with insured is, of course, the same controversy which insured has with plaintiff; and, if that controversy cannot be said to involve the jurisdictional amount in a suit brought by the insured, it manifestly can involve no more in a suit brought by plaintiff. The fact that plaintiff asks a declaratory judgment does not change the situation. It is true that a declaratory judgment may be had with respect to future instalments which have not accrued, if the right to them is fixed by contract and the controversy relates to the validity of the contract, even though the amount of instalments which have accrued at the time would not furnish the jurisdictional basis of a suit for their recovery. A declaratory judgment can be had, however, only with respect to a justiciable controversy; and the justiciable contro-

versy here, as we have seen, extends only to the accrued disability benefits, as the conditions entitling insured to such benefits may change at any time."

We believe the following quotation, from the early case on the Declaratory Judgment Act, Ætna Life Ins. Co. v. Haworth, 300 U.S. 227, 243, 57 S.Ct. 461, 465, 81 L.Ed. 617, 108 A.L.R. 1000, is in our support, at least persuasively: "If the insured had brought suit to recover the disability benefits currently payable under two of the policies there would have been no question that the controversy was of a justiciable nature, *whether or not the amount involved would have permitted its determination in a federal court.*" (Italics ours.)

■ The federal Declaratory Judgment Act is not one which adds to the jurisdiction of the court, but is a procedural statute which provides an additional remedy for use in those cases and controversies of which the federal courts already have jurisdiction. Ætna Life Ins. Co. v. Haworth, supra.

We are not led to a conclusion in this case by the present tendency of a part of our judiciary to restrict drastically federal jurisdiction based on diversity and amount involved, on the ground that such jurisdiction as a whole should be eliminated by the Congress. We are ruling on the case altogether according to what we think the cases have held.

After this opinion was completed, our attention was called by letter from counsel for plaintiff company to the case of Columbian National Life Ins. Co. v. Goldberg, 6 Cir., 138 F.2d 192. This case supports our conclusion already reached, for at page 196 of 138 F.2d (headnote 7), we read: "In the case at bar the annual premium to be paid under the policy is $1,141.20. * * * Since July 1, 1939, when appellee furnished appellant with written proof of his disability, the total amount of the premiums required to be paid under the policy already exceeds the sum of three thousand dollars; and the insured yet lives. The United States District Court possessed jurisdiction to enter the declaratory judgment."

The motion to dismiss for want of jurisdiction has to be sustained, and judgment will be signed in that tenor.