### CENTRAL SURETY & INS. CORPORATION v. CASWELL et al.

#### No. 8473.

Circuit Court of Appeals, Fifth Circuit.

Aug. 10, 1937.

608

T. J. Blackwell, of Miami, Fla., for appellant.

John W. Prunty, John A. Bouvier, Jr., and John M. Murrell, all of Miami, Fla., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

FOSTER, Circuit Judges.

Appellant brought this suit in equity against Margaret V. Caswell, Fred Caswell, her husband, Leah Lorenz, Clifford Lorenz, her husband, Louise O'Donnell, a feme sole, and Francis Carter, a minor, seeking a declaratory judgment under the provisions of the Act of March 3, 1911, as amended, (28 U.S.C.A. § 400). The bill alleges diversity of citizenship and sufficient amount involved to give the district court jurisdiction. By other allegations the following material facts are pleaded:

Appellant issued a policy of liability insurance covering a passenger automobile owned by Margaret V. Jones, who afterwards married Fred Caswell, to indemnify her against loss for damages caused to others by the negligent operation of the said automobile, up to the amount of $10,000. Under provisions of the policy appellant is obligated to defend any suits brought against the insured for damages so caused and to pay any judgments recovered, to the extent of the indemnity stipulated. Under an exception in the policy the car was not covered if at the time of an accident it was being used for carrying passengers for compensation.

The insured left Miami, Florida, operating the car herself, on a trip to New York City, carrying as passengers the four persons last named as defendants. An accident occurred on June 13, 1936, in Dade county, Florida, and the said four passengers were seriously injured. The insured notified appellant that the passengers were her gratuitous guests; that the accident was caused by her own negligence; and that they were making demands upon her for payment of damages. The insured is urging said persons to prosecute their claims; they are contending that appellant is obligated to pay their damages; they intend to bring suits against Margaret V. Caswell and, after recovering verdicts, to collect the judgments from appellant by garnishment or other proceedings. The insured has demanded that appellant pay the claims or defend the suits, if brought, and pay any judgments recovered, within the limits of the policy.

Relying upon information furnished by the insured, appellant made a settlement with Louise O'Donnell for $2,000. Later, appellant learned that the passengers were being transported for compensation and therefore it was not liable under the policy.

The prayer was for judgment requiring Margaret V. Caswell and Louise O'Donnell to make restitution of the amount paid the latter; for judgment declaring the policy did not cover damages occasioned by the accident; and for an injunction pendente lite restraining the prosecution of suits for damages.

A guardian ad litem was appointed for the minor, Francis Carter, and service made on him. The record does not show that subpoena was served on Louise O'Donnell or that she has appeared in any way in the suit.

Motions were filed on behalf of Margaret V. Caswell and her husband, Leah Lorenz and her husband, and Francis Carter, to dismiss the suit on the ground, among others, that there was no actual controversy pending between plaintiff and said defendants. Judgment was entered denying an injunction and dismissing the bill as to all the defendants except Margaret V. Caswell and her husband.

We do not know the reasons for judgment from the record, but we assume the District Court reached the conclusion that a case of actual controversy between the

insurer and the passengers was not presented and therefore as to them the court was without jurisdiction under the terms of the Declaratory Judgment Act (28 U.S.C.A. § 400).

The case presented by the bill is this: An accident has occurred in which four persons were injured. The insured admits liability and has called upon appellant to pay the claims or defend suits that may be brought and pay any judgments rendered up to the limit of the indemnity contracted for. The insured contends the passengers were gratuitous guests and covered by the policy. On the contrary, appellant contends the injured persons were passengers for compensation and it is relieved of liability by the exception in the policy. This presents a question of fact to be decided by the court and a real, actual controversy.

Upon the facts alleged Mrs. Caswell would have no defense in the damage suits. Appellant would be obliged to defend them and it is extremely doubtful that appellant could successfully urge its defense under the exception in the policy. Where the remedy is so doubtful there is not a plain, adequate, and complete remedy at law and equity has jurisdiction. Conceding that appellant would have a remedy in equity against Mrs. Caswell to determine the rights and obligations of the parties to the contract, that would not avoid the expense, annoyance, and danger of suits by the injured persons.

In adopting the Declaratory Judgment Act, Congress, acting within its constitutional authority, provided a new form of action for the settlement of actual controversies, real and not hypothetical, wherein all parties in interest might have their rights finally determined by a court of competent jurisdiction in one proceeding. The case here presented by the pleadings comes within the letter and intent of the statute and is cognizable in equity. The injured passengers have a material interest in the outcome of the suit. Appellant has the right to have its obligations to them as well as to the insured determined. The passengers are necessary and proper parties. The judgment dismissing the suit as to them was wrong. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Gully v. Interstate Natural Gas Co. (C.C.A.) 82 F.(2d) 145; Ohio Casualty Ins. Co. v. Plummer (D.C.) 13 F.Supp. 169; Travelers Ins. Co. v. Helmer (D.C.) 15 F.

Supp. 355; New York Life Ins. Co. v. London (D.C.) 15 F.Supp. 586; American Lumbermen's Mut. Casualty Co. v. Wilcox (D.C.) 16 F.Supp. 799. Cf. U. S. Fidelity & Guaranty Co. v. Hearn, 233 Ala. 31, 170 So. 59.

The judgment appealed from is reversed and the case is remanded, with instructions to grant an interlocutory injunction pendente lite as prayed for and for further proceedings not inconsistent with this opinion.

Reversed and remanded.