## STEPHENSON et al. v. EQUITABLE LIFE ASSUR. SOC. OF THE UNITED STATES.

### No. 4184.

Circuit Court of Appeals, Fourth Circuit.

Sept. 29, 1937.

Archibald G. Robertson, of Richmond, Va. (Norman L. Flippen and Hunton, Williams, Anderson, Gay & Moore, all of Richmond, Va., on the brief), for appellants.

Stuart G. Christian, of Richmond, Va. (Christian & Lamb, of Richmond, Va., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

On June 21, 1928, the Equitable Life Assurance Society of the United States issued to one Harry C. Stephenson its policy of life insurance in the sum of $5,000, providing for double indemnity in case of accidental death and for waiver of premiums and payments of $50 per month in case of total and permanent disability. Annie C. Stephenson was named as beneficiary under the ordinary insurance and double indemnity provisions. The policy contained an incontestable provision to the effect that, except as to provisions relating to disability and double indemnity, it should be incontestable after one year from date. In June, 1934, proof of total and permanent disability was made, and thereafter until August, 1936, premiums were waived and disability benefits were paid monthly in accordance with the terms of the policy. In the latter month the company, claiming to have discovered that material representations contained in the application for the policy were untrue, disavowed any liability under the disability and double indemnity provisions, tendered return of the premiums paid under these provisions, and demanded that the amount paid under the disability provision be repaid to the company and that the policy be returned in order that the disability and double indemnity provisions might be canceled. About the same time the company demanded payment of the premiums for ordinary life insurance which had fallen due since June, 1934, and notified insured that, unless same were paid by September 21, 1936, the policy would become forfeited except as to the surrender value or paid up insurance therein provided for. The insured not making the payment of premiums as demanded, the company, on September 28, 1936, notified him that the policy stood lapsed.

On October 30, 1936, the insured, by his next friend, filed in the court below a "Bill of Complaint and Petition for Declaratory Judgment" in which the facts were set forth as above stated, and in which the relief prayed was that judgment or decree under the Declaratory Judgment Act (Jud. Code § 274d, 28 U.S.C.A. § 400) be entered declaring the policy of insurance to be in full force and effect and granting insured a recovery of $50 per month under the disability provision for the period beginning August 13, 1936. The beneficiary was duly made a party to this proceeding, which came on for hearing on the company's motion to dismiss. This motion was granted by the District Judge, who was of opinion that suit for declaratory judgment with respect to the validity of the policy could not be maintained because of the right of plaintiff to test its validity by action for the recovery of the past-due disability installments, and that, viewed as an action for the recovery of these, it did not involve the jurisdictional amount of $3,000. Decree was thereupon entered dismissing the cause for lack of jurisdiction, and plaintiff has appealed. Two questions are presented for our consideration: (1) Whether under the circumstances stated a proceeding can be maintained under the Declaratory Judgment Act to invoke the judgment of the court as to the validity of the policy; and (2) whether such proceeding involves the jurisdictional amount.

The fundamental error of the court below consists in assuming that a proceeding for a declaratory judgment may not be maintained where another remedy is available. There is nothing in the act which limits its application to suits in equity or which suggests that the availability of other remedies shall preclude its use. On the contrary, the provision in the first paragraph for pleading by "declaration," as well as by complaint or petition, and the provision in the third paragraph for jury trial show clearly that declaratory judgments in legal as well as equitable proceedings were contemplated; and that the remedy provided was intended as an alternative one in cases where other remedies are available is shown by the pro-

vision of the first paragraph that such judgments may be rendered "whether or not further relief is or could be prayed."

As pointed out by Prof. Borchard in his Declaratory Judgments, at pages 147, 148, there are two types of action in which declaratory relief is invoked: (1). Where the plaintiff seeks a declaration under circumstances wherein no coercive decree is possible; and (2) where the plaintiff, though in position to sue for an executory or coercive decree, "contents himself with the milder declaration of rights as adequate to his needs and purposes." In the first class of cases the declaratory judgment is the exclusive remedy, but only because no other remedy is available. In the second class the declaratory judgment is available because plaintiff is content with the mere declaration for which the statute provides even though he might have a coercive judgment or decree by asking it.

The Federal Declaratory Judgment Act is a regulation of procedure providing a new remedy for application in actions at law and suits in equity within the jurisdiction of the federal courts; and there is nothing to suggest that its use is to be confined to cases in which no other adequate remedy is available. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S. Ct. 461, 464, 81 L.Ed. 617, 108 A.L.R. 1000; Anderson v. Aetna Life Ins. Co. (C.C.A. 4th) 89 F.(2d) 345, 347; Columbian Nat. Life Ins. Co. v. Foulke (C.C.A. 8th) 89 F.(2d) 261; E. Edelmann & Co. v. Triple-A Specialty Co. (C.C.A. 7th) 88 F.(2d) 852, 854; Gully v. Interstate Natural Gas Co. (C.C.A. 5th) 82 F.(2d) 145, 149. As we said in Anderson y. Aetna Life Ins. Co., supra, "We think that irrespective of whether the suit would have been cognizable in equity or whether plaintiff would have had an adequate remedy at law in defending actions at law instituted by the defendants, the remedy provided by the statute was available to it."

We have here a typical case for the application of the statute. On the one hand, we have the insured asserting that the policy is in full force and effect, not only with respect to the provisions for ordinary life insurance, but also with respect to the double indemnity and disability provisions. On the other, we have the company denying any liability whatever with respect to the double indemnity and

disability provisions and contending that, as to the ordinary life provisions, the policy has lapsed and is in effect only as extended term insurance. The insured is contending, also, that because the policy is in force he is entitled to recover the unpaid disability installments, whereas the company is contending that, because it has rightfully avoided the policy as to the double indemnity and disability provisions, it is entitled to recover the disability payments already made. It has been held that in the absence of statute, the insured would have had the right, not only to sue at law for the unpaid disability installments, but also to sue in equity to have the policy declared in full force and effect and to recover the past due installments. Aetna Life Ins. Co. v. Haworth, supra; Burnet v. Wells, 289 U.S. 670, 680, 53 S.Ct. 761, 77 L.Ed. 1439; Bell v. Philadelphia Life Ins. Co. (C.C.A. 4th) 78 F.(2d) 322. It is suggested that the remedy in equity would not be available, because a judgment at law would settle the question as to the validity of the policy. We need not pass upon this question, however, as the insured unquestionably would have had the right, whether at law or in equity, to a judicial determination of his rights under the policy. And the company would have had the right to sue in equity for the cancellation of the double indemnity and disability features of the policy and the recovery of the disability installments already paid. Aetna Life Ins. Co. v. Haworth, supra; Anderson v. Aetna Life Ins. Co. (C.C.A. 4th) 89 F. (2d) 345. A justiciable controversy thus, clearly existed between the parties;. and it was open to either of them to invoke the remedy provided by the Declaratory Judgment Act. As said by the Supreme Court in the Haworth Case:

"Where there is such a concrete case admitting of an immediate and definitive determination of the legal rights of the parties in an adversary proceeding upon the facts alleged, the judicial function may be appropriately exercised although the adjudication of the rights of the litigants may not require the award of process or the payment of damages. Nashville, Chattanooga & St. Louis R. Co. v. Wallace, supra, 288 U.S. 249, at page 263, 53 S.Ct. 345, 348, 77 L.Ed. 730, 87 A.L.R. 1191; Tutun v. United States, 270 U.S. 568, 576, 577, 46 S.Ct. 425, 426, 70 L.Ed. 738; Fidelity National Bank & Trust Co. v. Swope, 274 U.S. 123, 132, 47 S.Ct. 511, 514,

71 L.Ed. 959; Old Colony Trust Company v. Commissioner, supra, 279 U.S. 716, at page 725, 49 S.Ct. 499, 502, 73 L.Ed. 918. And as it is not essential to the exercise of the judicial power that an injunction be sought, allegations that irreparable injury is threatened are not required. Nashville, Chattanooga & St. Louis R. Co. v. Wallace, supra, 288 U.S. 249, at page 264, 53 S.Ct. 345, 348, 77 L.Ed. 730, 87 A.L.R. 1191."

■ The fact that, in addition to asking judgment declaring the rights of the parties in the premises, plaintiff asked a recovery of the past-due disability installments, does not detract from the power of the court to grant the declaratory relief. Upon the court's declaring the rights of the insured under the policy in accordance with his contentions, he would have been entitled to recover these installments; and the second paragraph of the act expressly provides for the granting of further relief whenever necessary or proper.

■ And we think there can be no question but that the requisite jurisdictional amount was involved in the suit. This amount was not merely the unpaid disability installments, as the judge below erroneously thought, but also the $5,000 double indemnity feature of the policy which the company had declared void, and the $5,000 ordinary life feature, which the company had declared lapsed and for which it had substituted extended term insurance in that amount. Bell v. Philadelphia Life Ins. Co. supra; Pacific Mutual Life Ins. Co. v. Parker (C.C.A. 4th) 71 F.(2d) 872, 874. The suit, therefore, involved the validity of a contract for $5,000 of accident insurance and the status of a contract for $5,000 of ordinary life insurance, in addition to the validity of the policy of disability insurance upon which the insured was claiming the past-due installments of disability benefits. The case is clearly distinguishable from Equitable Life Assurance Society v. Wilson (C. C.A. 9th) 81 F.(2d) 657, which involved merely the unpaid installments of disability benefits amounting to only $750.

The case of New York Life Ins. Co. v. Viglas, 297 U.S. 672, 56 S.Ct. 615, 80 L.Ed. 971, upon which appellee strongly relies is not in point. That was an action to recover damages for the alleged wrongful cancellation of an insurance policy; and the court held that the amount involved was insufficient for purposes of jurisdiction because the amount recoverable for the breach relied on could not exceed the benefits in default at the commencement of the suit. The proceeding here is not one for the recovery of damages, and the relief asked is not merely the recovery of installments in default; but, as stated above, it has been brought to establish the status of a contract of ordinary life insurance for $5,000, which has been declared lapsed and to establish the validity of the double indemnity provision of the policy which provides accident insurance in the sum of $5,000, as well as to establish the validity of the disability feature of the policy.

■ As the judge below did not pass upon the merits of the case but dismissed it for lack of jurisdiction, and there is no assignment of error relating to the merits, we cannot pass upon the merits here. In reversing the dismissal on the jurisdictional point there is nothing that we can do but remand the cause for further proceedings. We have been urged to interpret the incontestable clause of the policy; but our powers are solely those of an appellate court, and we can pass on the merits of a cause only by way of review. We think it not improper, however, to call attention to the fact that we have recently interpreted an incontestable clause identically similar to this one in the case of Equitable Life Assurance Society v. Deem (C.C.A. 4th) 91 F.(2d) 569, decided August 6, 1937.

For the reasons stated, the decree dismissing the proceeding for lack of jurisdiction will be reversed.

Reversed.