UNITED STATES FIDELITY & GUARANTY CO. v. PIERSON.

No. 691.

District Court, W. D. Arkansas, Fort Smith Division.

Dec. 31, 1937.

injury, including death at any time resulting therefrom (hereinafter called 'Bodily Injury'), accidentally sustained by any person or persons if caused by the ownership, maintenance, or use of any automobile disclosed in the declarations for the purposes therein stated." The policy also carried a provision, "To defend in the insured's name any suit against the assured seeking damages on account of such bodily injury or property damage, even if such suit is groundless, false or fraudulent." The limit of liability for injury to one person under agreement A was $25,000.

The wife of the defendant L. H. Pierson was injured in the operation of an automobile belonging to Guy Shrigley and described in the aforesaid policy. She instituted suit for and recovered damages against Shrigley as à result of her operating said car. The defendant L. H. Pierson instituted suit in the Johnson county circuit court against Shrigley for damages sustained by him, as a result of the said injuries to his wife, for the loss of her services and society and sums expended for medical attendance. His suit is based on agreement A of section 1.

The United States Fidelity & Guaranty Company instituted suit against Pierson and by an amendment Guy Shrigley has been made a party; the plaintiff asked for a declaratory judgment under the provisions of 28 U.S.C.A. § 400, and for an injunction against the proceedings in the Johnson county circuit court pending the trial of the issues in this court.

There are two questions involved in this suit: (1) Whether there is that actual controversy existing upon which a declaratory judgment may be rendered. (2) Whether the injuries for which damages are sought are covered by the terms of the policy.

Reynolds & Maze, of Clarksville, Ark., for plaintiff.

Patterson & Patterson, of Clarksville, Ark., and R. W. Robins, of Conway, Ark., for defendant L. H. Pierson.

Hays & Wait, of Russellville, Ark., for defendant Guy Shrigley.

RAGON, District Judge.

The United States Fidelity & Guaranty Company issued a policy for indemnity insurance to Guy Shrigley, which among other things provided, under agreement A of section 1, "To pay all sums which the assured shall become liable to pay as damages imposed upon him by law for bodily

It is contended by the defendant Pierson that there is no controversy now existing between Pierson and the United States Fidelity & Guaranty Company which is of a justiciable nature. He contends that before there is any controversy between Pierson and the insurance company Pierson must first secure a judgment against Shrigley, and that there must be a nulla bona return on an execution against Shrigley on such judgment. The first question, therefore, calls for a consideration of the legal rights and obligations arising from this contract of insurance and whether this dispute is definite and con-

crete. It must be more than hypothetical or abstract. The rights and other legal relations of the interested parties must be determined by the contract.

The insurance policy in question carries two separate and distinct obligations upon the part of the company. The first one is found in agreement A of section 1, and engages to indemnify the assured against damages to the limit of $25,000; and the other arises under paragraph (a) of subsection 4 of section 2, which obligates the company to defend in the name and behalf of the assured any suit against him seeking damages on account of such bodily injury. The rights and obligations and other legal relations of the parties are separate and distinct in these two agreements as clearly defined by the policy. The engagement under agreement A of section 1 is to pay the damages the assured suffers, conditioned upon a recovery against the assured, while the agreement to defend is without prescribed condition.

Counsel for neither side have called attention in their brief to what seems to me a very significant provision of the policy found in paragraph (c) of section 5, which provides: "No recovery against the company shall be had under Agreements 'A' and 'B' of Section 1 until the amount of loss or expense shall have been determined either by final judgment against the assured after actual trial in an action defended by the company or by written agreement of the assured, the claimant and the company, nor in either event unless suit is instituted within two years after the date of such judgment or written agreement."

Under the terms of this provision there is an agreement between Shrigley and the company that the company will not indemnify him for any damages that he may sustain under agreement A of section 1 until the party claiming the damages against Shrigley has procured a final judgment after an actual trial defended by the company, or by agreement of the assured, the claimant, and the company. Under this clause of the contract neither Shrigley nor Pierson has any right or other legal relation which can constitute an actual controversy until first there has been a final judgment rendered after an actual trial, or the parties (the company, the assured, and the claimant) have reached a written agreement. These are the terms of the contract agreed upon between Shrigley and the insurance company. Could Shrigley under these stipulations, mutually agreed upon between him and the company, have any actual controversy of a justiciable nature until these conditions developed? Any right or other legal relation which Pierson has or may ever have must necessarily arise out of the provisions of the contract between Shrigley and the insurance company. Therefore, if the plain provisions of the policy places the company under no obligation to indemnify Shrigley until Pierson has recovered against him a final judgment, then certainly Pierson or Shrigley could not until this time have any actual controversy of a justiciable nature with the company. Under the express provisions of the contract there are no legal rights and obligations that place Shrigley and the company or Pierson and the company in adverse positions until the rendition of final judgment or the written agreement is reached. In other words, there is no matured claim upon which either Pierson or Shrigley can presently maintain any action. In the case of Aetna Life Insurance Company v. Williams, 8 Cir., 88 F.2d 929, 930, in commenting upon the effect of the decision of Aetna Life Insurance Company v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L. R. 1000, decided March 1, 1937, the court stated: "That decision holds in effect that where under an insurance policy the insured has a right of action against the insurer, the insurer has a corresponding right to maintain a suit under the Declaratory Judgment Act to secure a judgment determining the obligations and liabilities of the parties."

If the insurance company is entitled to have its rights declared under the indemnity contract, then it would seem that there must be a corresponding right upon the part of Pierson and Shrigley to have their rights declared before there would be a justiciable issue between either of them and the company.

In Aetna Life Insurance Company v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 464, 81 L.Ed. 617, 108 A.L.R. 1000, decided by the Supreme Court on March 1, 1937, Chief Justice Hughes said: "There is here a dispute between parties who face each other in an adversary proceeding. The dispute relates to legal rights and obligations arising from the contracts of insurance. The dispute is definite and concrete, not hypothetical or abstract. Prior

to this suit, the parties had taken adverse positions with respect to their existing obligations. Their contentions concerned the disability benefits which were to be payable upon prescribed conditions. On the one side, the insured claimed that he had become totally and permanently disabled and hence was relieved of the obligation to continue the payment of premiums and was entitled to the stipulated disability benefits and to the continuance of the policies in force. *The insured presented this claim formally, as required by the policies.* It was a *claim* of a *present, specific right.* On the other side, the *company* made an *equally definite claim* that the alleged *basic fact* did not *exist,* that the insured was not totally and permanently disabled and had not been relieved of the duty to continue the payment of premiums, that in consequence the policies had lapsed, and that the company was thus freed from its obligation either to pay disability benefits or to continue the insurance in force. Such a dispute is manifestly susceptible of judicial determination. It calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts."

In Associated Indemnity Corporation v. Manning et al., 92 F.2d 168, the Court of Appeals for the Ninth Circuit passed upon a policy, some features of which were similar to the ones under consideration. In that case it was held that an actual controversy existed as to the contract of indemnity, as well as to the obligation to defend, and based the opinion upon the holding in the Haworth Case. I cannot agree with the opinion in that case. In the Haworth Case the insured had a matured claim upon which he might at any time bring suit against the company, and the court accordingly held that it was a present claim wherein both sides were in position to resort to litigation. Where Haworth, after presenting his claim under the terms of his policy, was entitled to prosecute the same in the courts, neither Pierson nor Shrigley can present a claim until the case is litigated in the state courts, and only then in the event there is a recovery in favor of Pierson. If he does not recover, then there can be no claim asserted by himself or Shrigley. The Aetna Life Insurance Company v. Williams, supra, which followed the decision of the Haworth Case, passed upon a claim which was present and matured.

That it was the intention of the parties in the present suit to fix the time at which the actual controversy begins seems clearly indicated by the concluding portion of paragraph (c), wherein it is stated: " * * * nor in either event unless suit is instituted within two years after the date of such judgment or written agreement." Shrigley and the company by this provision not only fixed the time at which the actual controversy would rise, but they also fixed the period of limitation in which suit might be brought to enforce the terms of the contract.

The case is made more difficult, however, by the filing of the amendment in this court asking that Shrigley be made a party defendant. This calls for a determination of the company's rights and other relations as pertaining to Shrigley. If there is no actual controversy or present justiciable issue under the provisions of agreement A existing between the company and Pierson, then I am of the opinion that the same would be true as regards Shrigley. Can then the obligations of the company under agreement A, the contract to indemnify, and paragraph (a) of subsection 4 to subsection 2, the contract to defend, be coupled together so as to give this court that jurisdiction which was meant to be conferred by the Declaratory Judgment Act? The agreement upon the part of the company in which it obligates itself to defend for the insured reads as follows: "(a) To defend in his name and behalf any suit against the assured seeking damages on account of such bodily injury or property damage, even if such suit is groundless, false or fraudulent."

This clause of the contract is a separate and distinct obligation from the clause to indemnify and can relate only to the rights and obligations of the company and Shrigley. It is apparent that no corresponding rights and obligations arising under this clause affects any relation between the company and Pierson. It is to be observed that the obligation under this clause is to defend a claim for "bodily injury" even though such claim be groundless, false, or fraudulent. The position of Shrigley and the company before this court on the contract to defend places them in such adverse positions as to constitute an actual controversy under the rule in the Haworth Case. However, the company contends that it should not defend Shrigley, be-

682

cause Pierson's suit is groundless, in that the element of damages for which he sues is not covered by the "bodily injury" provision of the insurance contract. While, on the other hand, Shrigley maintains that they are obligated to defend him under the terms of the contract, even though Pierson's claim should be groundless. The allegations of the complaint do not allege that the amount involved in the obligation to defend is for such amount as to give the Federal Court jurisdiction.

The court's attention has been called by counsel for the plaintiff to the case of the Commercial Casualty Company v. Humphrey, D.C., 13 F.Supp. 174, and Travelers Insurance Company v. Young, D.C., 18 F.Supp. 450. In these cases the court considered the limit of liability as measuring the jurisdictional amount and, therefore, retained the cases. The policy provides that the amount of expense in defending is an amount that the company must bear without regard to the amount of the face of the policy. I cannot agree with these opinions, because the amount incurred in defending has nothing whatever to do with the amount the company obligates themselves to indemnify. I cannot agree that it was the intention of Congress that the distinct and separate obligations arising under these two clauses of the contract can be treated together so as to give this court that jurisdiction to which the Declaratory Judgment Act is applicable.

While I am of the opinion that under the provisions of the contract in issue this is a case to which the Declaratory Judgment Act does not apply, yet if it could be said that it did apply, the court by this same act is authorized to exercise discretion in accepting jurisdiction. The suit in the Johnson county circuit court between Shrigley and Pierson can have nothing to do in settling the question as to the character of injury which the specific terms of the policy covers, and that is the sole question under present consideration in this court. Even though Pierson should recover a judgment in the Johnson county circuit court for damages, such as he prays, yet this would not determine that the claim for which damages were awarded was covered by the terms of the contract. The company would still have the defense that the policy did not cover this claim, as well as other defenses not now urged by it, which it could pur-

sue after the judgment in the state court in favor of Pierson. For this court to step in and enjoin the further prosecution of this case in the state court under these circumstances would amount to an unjustifiable invasion of the jurisdiction of the state court. It seems to me a proper exercise of the discretion of the court to refuse jurisdiction of this case and permit it to be litigated in the state court. If the company experiences the misfortune of having judgment rendered against it, then perhaps under the decisions of our court they might resort to a proceeding for a declaratory judgment.

Under the conclusions which the court has reached it is unnecessary to pass upon the question relating to the coverage of the policy.

The motion of the defendant to dismiss will accordingly be sustained and appropriate decree to this effect submitted.