## AMERICAN MOTORISTS INS. CO. v. BUSCH et al.

No. 1297—RJ.

District Court, S. D. California, Central Division.

Feb. 7, 1938.

Lasher B. Gallagher, of Los Angeles, Cal., for plaintiff.

Ira J. McDonald, of Los Angeles, Cal., for defendants Mary J., Marco J., and Grace Marinovich.

JENNEY, District Judge.

This is an action for a declaratory judgment instituted by the American Motorists Insurance Company against certain defendants, one of whom, Fred Busch, was the owner of an automobile insured under a public liability policy issued by plaintiff on December 7, 1936. This policy covered liability for bodily injuries and property damages "sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile." The insurance company likewise agreed in said policy to compensate the insured for damages to the insured's automobile arising out of accidental upset or collision.

The automobile covered by this policy, while being driven with the consent of the insured by codefendant Jack Busch, was involved in an accident on March 3, 1937. In this accident, defendants Mary J. Marinovich, Marco J. Marinovich, and Grace Marinovich, a minor, appear to have been injured. Thereafter, on July 24, 1937, suit was instituted in the superior court of Los Angeles county by Mary and Marco Marinovich against Fred and Jack Busch for personal injuries and property damage caused by said accident.

On November 30, 1937, plaintiff instituted this action for declaratory relief, effecting service upon all of the defendants who had been joined. The prayer in the complaint asked that plaintiff be absolved from any liability under said policy, on the ground that the insured had failed, during more than eight months, to give written notice of the accident to the plaintiff company, as required by the following clauses of said policy:

"Conditions

"2. Notice of Accident—Claim or Suit. Upon the occurrence of an accident written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the name and address of the injured and of any available witnesses. If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."

"13. Action Against Company. No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the conditions hereof. * * *"

Plaintiff herein seeks not only to avoid any obligation of responding in damages, but also to be excused from the performance of any services required by those terms of the policy which provide:

"Insuring Agreements

"II. Defense, Settlement, Supplementary Payments. It is further agreed that as respects insurance afforded by this policy under Coverages A and B the Company shall

"(a) defend in his name and behalf any suit against the insured alleging such injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company shall have the right to make such investigation, negotiation and settlement of any claim or suit as may be deemed expedient by the company. * * *"

In its complaint, plaintiff alleges on information and belief that Grace Marinovich, a minor, has not yet brought suit, although she was injured in the accident, and that, if any of the defendants Marinovich recover against the insured, suit will then be brought against the insurance company in accordance with the California Statutes of 1919, p. 776, and under the following clause in the policy:

"Conditions

"(13) * * * Any person or his legal representative who has secured * * * (a) * * * judgment * * * shall

thereafter be entitled to recover under the terms of this policy in the same manner and to the same extent as the insured."

The plaintiff further alleges that the jurisdictional amount is involved (a fact conceded by defendants) and that "each and all of the defendants have a definite interest in establishing the contract of insurance as a valid and subsisting obligation on the part of this plaintiff; that the defendants and each of them have interests which are adverse to plaintiff; that a controversy exists between the plaintiff and the defendants and each of them."

The complaint contains, however, no allegation that the insured had, up to the time of filing, made any demand against the company to defend the action in the state court.

The defendants Marinovich now move to dismiss this action on several grounds. The principal reason advanced is that the complaint does not state a sufficient cause of action for declaratory relief. In oral argument and in his brief, counsel for the moving parties contended that suit had already been instituted in the state court; that the issues here could be settled there; that, since no demand for legal representation had been made by the insured upon the company, the controversy was not yet ripe for determination; and that the insurance company should not be permitted to try its defenses in this court, piecemeal, while the principal issues were being litigated elsewhere.

There is no longer any question as to the propriety of declaratory relief in cases of this type. Aetna Life Insurance Co. v. Haworth, 300 U. S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Associated Indemnity Corp. v. Manning, 9 Cir., 92 F. 2d 168; Stephenson v. Equitable Life Assur. Soc., 4 Cir., 92 F.2d 406; Central Surety & Ins. Corp. v. Caswell, 5 Cir., 91 F.2d 607; 1 Corpus Juris Secundum, Actions 1023, 1024. The pendency of a suit in the state court, involving some of the transactions in question here, does not deprive this court of jurisdiction (Carpenter v. Edmonson, 5 Cir., 92 F.2d 895), unless the identical issues are being determined there (Central Surety & Ins. Corp. v. Caswell, supra). The case of Columbia Casualty Co. v. Thomas, D.C., 20 F.Supp. 251, relied upon by defendants, is of no avail here. In that case diversity of citizenship was not, as here, sufficiently alleged.

Defendants rely particularly on Ætna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321; which is, however, not controlling in the case at bar. The decision in the Quarles Case rested on the ground that, on the facts there presented, the state court had jurisdiction over all of the issues and was better prepared to determine them. Such is not the case here. There is no showing that the rights of the insured against the insurance company could be determined in the state action. Whether Fred Busch is covered by the policy might have to be settled in an action by Marinovich against the insurance company on this policy. In any case the adequacy of the remedy in the state court is doubtful. Hence an action for declaratory relief is eminently proper.

Acceptance of jurisdiction by this court will not result in the piecemeal trial of defenses. The entire question of the insurance company's liability on the policy can be settled here in one action. Farm Bureau Insurance Co. v. Daniel, 4 Cir., 92 F. 2d 838. The fact that suit is brought to establish the nullity rather than the validity of the policy is immaterial. Borchard, Declaratory Judgments, page 492; Central Surety & Ins. Corp. v. Caswell, supra; Associated Indemnity Corp. v. Manning, supra. To this extent, at least, the insurance company may anticipate defenses (Borchard, Declaratory Judgments, p. 178), since it has a right to know whether it must defend actions against the insured and pay the judgments rendered therein (Borchard, Declaratory Judgments, p. 493).

The logical procedure is to settle the question of liability on the policy before any conclusion is reached on the issue of negligence; thus deciding in the early stages of the litigation the parties who will necessarily be involved ultimately. The Declaratory Judgment Act, Jud.Code § 274d, 28 U.S.C.A. § 400, provides a simple and expeditious method of solving problems in logical order.

It is well established that a declaration will not be given to settle immature controversies. The issue must be ripe for adjudication. However, a wide degree of latitude is accorded the courts in determining when a dispute has so sufficiently matured as to warrant a judicial determination.

It is not alleged in the complaint at bar that the insured made formal demand up-

on the insurance company for legal representation and advice by the company's attorneys. The complainant did, however, receive notice of the accident and the litigation. It was aware of the terms in its policies requiring it to provide attorneys for policyholders who had complied with the conditions of the contract. The notice informed the company that the insured stood on the policy. The alleged delay in giving notice raised the question of breach of condition. No formal demand could more sharply define the legal issue as to the fact of compliance with those conditions on the part of this insured.

To deprive the insurance company of declaratory relief would be contrary to the purpose of the statute, section 274d, Judicial Code, 28 U.S.C.A. § 400, and the interpretation placed upon it by the cases. Ætna Life Ins. Co. v. Haworth, supra; Central Surety & Ins. Corp. v. Caswell, supra; Borchard, Declaratory Judgments, p. 43.

It is of course true that suit has not yet been instituted on behalf of Grace Marinovich, the minor. Were she the sole defendant, it might well be argued that the controversy was not yet ripe for determination. Furthermore, the compulsory defense of rights not yet asserted might well amount to a judicially sanctioned harassment of defendants, in that expense of counsel and liability for costs might be incurred. However, to dismiss the bill solely because some of those injured who might sue have not yet done so, when all of the legal questions involved arose out of one accident or transaction, would establish a precedent inimical to the effective operation of the act. In this case, the legal interests of the minor are identical with those of the other defendants who are already represented by counsel. Under the equity powers of the District Court and in furtherance of the broad remedial purposes of the statute, the matter of costs rests in the sound discretion of the judge. Newton v. Consolidated Gas Co., 265 U.S. 78, 44 S.Ct. 481, 68 L.Ed. 909; Van Kannel Revolving Door Co. v. Uhrich, 8 Cir., 297 F. 363; In re Michigan Cent. R. Co., 6 Cir., 124 F. 727; Wiegand v. Copeland, C. C., 14 F. 118; Borchard, Declaratory Judgments, p. 134. The court therefore believes that the acceptance of jurisdiction will assist the accomplishment of substantial justice in this case.

Motion to dismiss denied.