## METROPOLITAN LIFE INS. CO. v. HOBEIKA.

### No. 972.

District Court, E. D. South Carolina.
April 20, 1938.

Willcox, Hardee & Wallace, of Florence, S. C., for plaintiff.

Henry E. Davis, of Florence, S. C., and Gibson & Muller, of Dillon, S. C., for defendant.

MYERS, District Judge.

The complaint herein sets out three causes of action alleging the issue to the defendant of three separate policies of insurance of identical provisions, including disability benefits in the event of total and permanent disability; that insured is contending that he is and has been totally and permanently disabled since February 21, 1937, and is entitled to waiver of premiums from said date and to the monthly income provided to be paid him under the terms of said policies respectively.

Plaintiff denies the disability claimed by defendant and asks for a declaratory judgment and decree establishing the absence of obligation or duty on its part to waive premium payments or to pay disability benefits.

It is further alleged that it is the intention of defendant to harass the plaintiff, by instituting separate suits for the amounts he claims to be due from time to time, and that this court should exercise its equity powers to avoid a multiplicity of suits.

There is no question of the present validity of the policies because of past-

due premiums or otherwise, and the jurisdictional amounts and diversity of citizenship appear.

Defendant duly noticed the motion to dismiss, now under consideration after full hearing, on the admitted ground that suit had been instituted in the court of common pleas for Dillon county, S. C., removed by the plaintiff in this action to this court with motion to remand pending (since remanded) in which suit was raised, on one policy only; the only question that could be raised at this time in connection with said policies, to wit, the right of insured to benefits by reason of total and permanent disability alleged. The motion is further urged on the ground that the status of the policies, on which premiums have been paid to June, 1938, is not involved; that the disability issue has been made on the law side of the court (now, under said order of remand, the state court); and that a declaratory judgment in this proceeding would settle no questions which could not, immediately following such judgment, be raised again by either party to the contract.

There being an actual controversy between the parties, it is urged that the intent and purpose of the Declaratory Judgment Act, section 274d, Judicial Code, as amended, title 28 U.S.C.A. § 400, have been met and the jurisdiction of this court established.

■ It is my view of the intent and purpose of the act that its use and application must be necessarily limited to those matters and controversies which could be effectively encompassed and determined in declaration and judgment either ending litigation which might otherwise result therefrom or limiting the rights which might thereafter be asserted.

■ The plaintiff here entered into a contract with the defendant to pay benefits for disability and to waive premium payments during the existence of disability existing or resulting to the insured during the life of the contract. The policy is now a valid one, and may be so continued so long as insured meets the conditions, so far complied with, for premium payments. There is but one issue of fact, now pending for determination in a law court of co-ordinate jurisdiction. The verdict of a jury there would be conclusive of the question of disability for the period for which recovery is sought in that action. A declaratory judgment here would fix the liability of the insurer and the rights of the insured only for the period inquired into, and would be no bar to the subsequent claims of the insured for disability benefits, if any, thereafter accruing. Nor would the decree of this court on the matter so presented preclude the resistance of insurer to any such claims if made.

In American Motorists Ins. Co. v. Busch et al., D.C., 22 F.Supp. 72, 74, cited by plaintiff, the insurance company sought declaratory relief on the allegation that the terms of the policy had not been complied with by the insured. The language of Judge Jenney there is significant and supports the conclusions of this court:

"There is no longer any question as to the propriety of declaratory relief in cases of this type. Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Associated Indemnity Corp. v. Manning, 9 Cir., 92 F.2d 168; Stephenson v. Equitable Life Assur. Soc., 4 Cir., 92 F.2d 406; Central Surety & Ins. Corp. v. Caswell, 5 Cir., 91 F.2d 607; 1 Corpus Juris Secundum, Actions, 1023, 1024. The pendency of a suit in the state court, involving some of the transactions in question here, does not deprive this court of jurisdiction (Carpenter v. Edmonson, 5 Cir., 92 F.2d 895), unless the identical issues are being determined there (Central Surety & Ins. Corp. v. Caswell, supra). * * *

"Defendants rely particularly on Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321; which is, however, not controlling in the case at bar. The decision in the Quarles Case rested on the ground that, on the facts there presented, the state court had jurisdiction over all of the issues and was better prepared to determine them. Such is not the case here. There is no showing that the rights of the insured against the insurance company could be determined in the state action."

In Aetna Casualty & Surety Co. v. Quarles et al., 4 Cir., 92 F.2d 321, 325, Judge Parker, discussing the effect and purpose of the Declaratory Judgment Act and the duty of the court in its application, anticipates and disposes effectively of every contention of the plaintiff here, adversely. He says:

"It is well settled that the declaratory remedy should not be invoked merely to try issues or determine the validity of defenses in pending cases. 1 C.J.S., Ac-

tions, 1024, 1031; Borchard, Declaratory Judgments, 110; Northeastern Marine Engineering Company v. Leeds Forge Company (1906) 1 Ch. 324, affirmed (1906) 2 Ch. 498; Slowmach Realty Corporation v. Leopold, 236 App.Div. 330, 258 N.Y.S. 500.

"The company seems to think that by asking a declaratory judgment it became entitled to a trial in equity without a jury and that this is a sufficient reason for granting declaratory relief notwithstanding the institution of the action on the policy; but this is clearly not the case as the defense to determine which the declaratory judgment was sought was legal and not equitable in character. Where the issues raised in a proceeding for a declaratory judgment are of this nature, they must be tried at law if either party insists upon it, for the statute so provides. 28 U.S.C.A. § 400(3). And, irrespective of this provision of the statute, it is clear that the right of jury trial in what is essentially an action at law may not be denied a litigant merely because his adversary has asked that the controversy be determined under the declaratory procedure.

"The statute providing for declaratory judgments meets a real need and should be liberally construed to accomplish the purpose intended, i. e., to afford a speedy and inexpensive method of adjudicating legal disputes without invoking the coercive remedies of the old procedure, and to settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights or a disturbance of the relationships. Whether the remedy shall be accorded one who petitions for it is a matter resting in the sound discretion of the trial court, to be reasonably exercised in furtherance of the purposes of the statute. It should not be accorded, however, to try a controversy by piecemeal, or to try particular issues without settling the entire controversy, or to interfere with an action which has already been instituted. As was well said by Professor Borchard (Declaratory Judgments 107-109):

" 'The two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. It follows that when neither of these results can be accomplished, the court should decline to render the declaration prayed. In addition, and perhaps, as indicating when a useful purpose will not be served, statute and practice have established the rule that the judgment may be refused when it is "not necessary or proper at the time under all the circumstances." * * * The court will refuse a declaration where another court has jurisdiction of the issue, where a proceeding involving identical issues is already pending in another tribunal, where a special statutory remedy has been provided, or where another remedy will be more effective or appropriate under the circumstances. In these cases it is neither necessary nor proper to issue the declaration.' "

It is ordered that the complaint be dismissed with costs.