## OHIO CASUALTY INS. CO. v. RICHARDS et al.
### No. 47.

District Court, D. Oregon.
March 8, 1939.

resulted from negligent operation of the automobile by one of the Richards. Plaintiff had a liability policy on the Richards car, and is defending the case against the Richards in the State court with reservation of liability. The case in the State court has not gone to judgment, but is set for early trial.

The Richards are wood haulers, and had obtained the policy as required by the Oregon Motor Transportation Act, Oregon Code 1930, § 55-1317, and the regulations of the Public Utilities Commissioner thereunder, as pre-requisite to their licensing as "special carriers".

Plaintiff claims herein that it should be freed of liability because of failure by the Richards to give immediate notice of the accident, as required by the policy. It claims also that its policy does not apply, because the accident occurred not upon any public highway, but on privately owned farm land, also that the automobile was being used at the time of the accident on a personal mission.

This case is of the familiar type appearing so often in the reports nowadays, wherein an insurance company seeks to have its non-liability declared in advance of final determination of pending litigation by a third party against the company's assured. There is this difference from the usual case: Here the insurer (plaintiff herein) is defending its assureds (under reservations), while at the same time the insurer is denying legal obligation to make such defense for the assureds. A race is on to see which case, the one in the State court, or the one here, can first be brought to a conclusion.

Earl S. Nelson (of Griffith, Peck & Coke), of Portland, Or., for plaintiff.

W. C. Winslow, of Salem, Or., for defendants Olson, Zachary, and Sturdevant, minors.

McCOLLOCH, District Judge.

Fred Olson, Rosalie Zachary and Virginia Sturdevant, of the defendants above named, are suing Clarence and Clyde L. Richards, defendants first above named, in the State court for injuries received in an automobile accident alleged to have

After reading the address by Professor Borchard, delivered before The Section of Insurance Law, American Bar Association, at Cleveland, last year,[1] and the recent cases cited in the address,[2] I incline to the belief that jurisdiction of the present proceedings might properly be declined.

One must admit the humor in a situation where an insurance company is suing its assureds for a declaration of non-liability, and at the same time is defending the assureds under the same policy

[1] Copies of the address in pamphlet form may be obtained from the Secretary of the American Bar Association.
[2] Particularly: Maryland Casualty Co. v. Consumers Finance Service, Inc., of Pennsylvania et al., D.C., 23 F.Supp. 433, reversed 101 F.2d 514; Ætna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321; Metropolitan Life Ins. Co. v. Hobeika, D.C., 23 F.Supp. 1.

in another court. Certainly, personal relations between insurer and assureds cannot be the happiest, while this is going on. Certainly, also, the assureds must, in reflective moments, wonder what their position would be if, while in the midst of the trial in the State court, the insurer should prevail against the assureds and obtain a final judgment of non-liability in this court. It is to be hoped that under such circumstances the insurer would recognize the usual responsibilities of a surgeon, and not leave the task undertaken for the assureds uncompleted in mid-operation. But one must have some doubts as to whether the insurer could thereafter have its full heart in assured's case.[3]

I call attention to these possibilities, with the serious object of pointing out that insurance companies should not expect Federal courts to take jurisdiction unquestioningly of *all* controversies respecting liability on policies, where proceedings looking to ultimate liability on the policies are pending in State courts. There are bound to be factual situations that will justify declination of Federal jurisdiction, and I am not sure but what in this case, before a final trial date has been given, events will have so progressed that the proceeding here should be abated.

I am impressed also by the suggestion of the attorney for the defendants of the injustice of compelling his clients, who are minors, to defend a lawsuit in this court on issues bordering on the unreal, while bearing, at the same time, the burden of prosecuting their claim in the State court.

In a State of relatively vast area, like Oregon, where the sessions of Federal court are held at great distances from much of the State, the court should give consideration to the burden put on litigants living at distant points, who may be forced to come here to defend in declaratory proceedings growing out of litigation pending but not yet completed in the courts of the litigants' home counties.

However, recognizing the general remedial nature and purposes of the Declaratory Judgment Act, Judicial Code, Sec. 274d, as amended, 28 U.S.C.A. § 400, and cognizant of recent leading cases in the Supreme Court and in the Court of Appeals of this Circuit, Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Associated Indemnity Corporation v. Manning, 9 Cir., 92 F.2d 168, I will tentatively deny that part of the motion to dismiss which questions the validity and propriety of the proceedings because of their declaratory nature.[4]

Decision will be reserved as to the other questions raised by the motion.

---

[3] The time for appearance herein by plaintiff's assureds has expired, and I assume that in due course their default will be entered. Thus, in this court, assureds will be confessing nonliability on the policy, while at the same time assureds are being defended in the State court under the policy.

[4] The New Rules of Civil Procedure, 28 U.S.C.A. following section 723c, favor declaratory proceedings:

"Rule 57. Declaratory Judgments. The procedure for obtaining a declaratory judgment pursuant to Section 274 (d) of the Judicial Code, as amended, U.S.C., Title 28, § 400, shall be in accordance with these rules, and the right to trial by jury may be demanded under the circumstances and in the manner provided in Rules 38 and 39. *The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar.*" (Italics added.)

See Pacific Indemnity Co. v. McDonald, D.C., 25 F.Supp. 522.