**UNITED STATES FIDELITY & GUARANTY CO. v. THOMSON et al.**

**No. 15.**

District Court, S. D. Iowa, S. D.

Feb. 10, 1940.

H. Beatty White, of Des Moines, Iowa, for plaintiff.

O. M. Slaymaker, R. E. Killmar, and D. D. Slaymaker, all of Osceola, Iowa, for defendants.

DEWEY, District Judge.

This action having been transferred to the Central Division came on for hearing at Des Moines, Iowa, on the 22nd day of January, 1940, for trial on the issues. Evidence was introduced and the case submitted.

The action is brought by the United States Fidelity & Guaranty Company, a corporation, for a declaratory judgment on an automobile indemnity insurance policy which was issued to the defendant Vale U. Thomson.

While such policy was in full force and effect Vale U. Thomson, who was a veterinarian surgeon, was enroute to the Harlan place to vaccinate horses. He had with him the defendant Kenneth Locke who was to assist him in the vaccination of the horses when they arrived at the Harlan place. They had intended to stop at the C. C. Jones farm to do some work there in which the defendant Locke was not to have any part, but before they got to the Jones farm there was a collision between the car driven by Dr. Thomson and another party. The defendant Locke

was badly injured which resulted in his having an arm amputated.

Locke wrote a letter to this plaintiff, demanding that they make settlement with him for the damage which he claimed was occasioned by the collision. This demand resulted in this suit by the United States Fidelity & Guaranty Company who claim that at the time of the collision the defendant Kenneth Locke was an employee of Dr. Thomson and that one of the provisions of the policy excluded any liability to an employee. In the collision two small children were killed in the other car and the driver of that car badly injured. The limitation of liability in the indemnity policy was $10,000.

Plaintiff admits the policy covers indemnity to the parties in the other car, if there is any liability, but denies liability for any damage to the defendant Locke.

Defendants in their answer, among other things, deny that there is a jurisdictional amount involved, deny that the defendant Locke was an employee of the defendant Thomson at the time of the collision, and specifically deny that there is at this time an actual controversy of a justiciable nature existing between the plaintiff and the defendants such as would justify the bringing and prosecution of this action.

The policy of insurance, among other things, provides that the plaintiff will pay all sums " * * * which the Insured shall become obligated to pay by reason of the liability imposed upon him by law for damages * * * caused by accident and arising out of the ownership, maintenance or use of the automobile."

The policy then, in effect, provides that the insurance company shall be liable only where a judgment has been obtained. Locke here has not even instituted suit and as yet there is no liability imposed upon the insured by law for damages.

There is a division of authority on whether under this situation a declaratory judgment suit can be entertained.

The plaintiff has filed an exhaustive brief citing many cases to sustain its contention that such a declaratory judgment action can be instituted and maintained before a judgment is obtained. I have carefully read and reviewed all of these cases but find only three that cannot be distinguished. Two of them are from the District Courts in California and the other from the Circuit Court of Appeals of the 9th Circuit. American Motorists Ins. Co. v. Busch, 22 F.Supp. 72; Maryland Casualty Co. v. Hubbard, 22 F.Supp. 697; Associated Indemnity Corp. v. Manning, 92 F.2d 168.

We have no quarrel with those cases which find that such a suit may be maintained where the insured either expressly or by implication admits liability. Such cases are: Commercial Casualty Ins. Co. v. Humphrey, D.C., 13 F.Supp. 174; Builders & Mfgrs. Mut. Cas. Co. v. Paquette, D.C., 21 F.Supp. 858; Employers' Liability Assur. Corp. v. Carnes & Co., D.C., 22 F. Supp. 259; Central Surety & Ins. Corp. v. Caswell, 5 Cir., 91 F.2d 607.

Nor where there is a demand to appear and defend and no question is raised that the jurisdictional amount is not involved. Ohio Casualty Co. v. Plummer, D.C., 13 F.Supp. 169.

And where there is a condition in the policy which creates liability for failure to defend and the actual controversy is accelerated and becomes an actual controversy to the extent of the amount involved. Travelers Ins. Co. v. Young, D.C., 18 F. Supp. 450.

As against the three decisions above quoted from California and one from the 9th Circuit Court of Appeals there are two decisions of this Circuit which to me appear to be correct in their reasoning and conclusions. These cases are: United States Fidelity & Guaranty Co. v. Pierson, D.C., 21 F.Supp. 678, and Maryland Casualty Co. v. Tindall et al., 30 F.Supp. 949, 951, decided by Judge Reeves in Western District of Missouri, Dec. 28, 1939. In the last case Judge Reeves said:

"The declaratory judgment statute is a procedural one and undertakes to adjust controversies in esse but not actually crystalized in litigation. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000. But such procedure does not entitle a litigant to call for an advisory opinion upon a hypothetical basis. Its purpose is to secure 'an adjudication of present right upon established facts.' Aetna Life Ins. Co. v. Haworth, supra, 300 U.S. loc. cit. 242, 57 S.Ct. loc. cit. 465, 81 L.Ed. 617, 108 A.L.R. 1000. See, also, Ashwander v. Valley Authority, 297 U.S. 288, loc. cit. 325, 56 S.Ct. 466, 80 L.Ed. 688.

"The liability of the corporate defendant to pay a judgment obtained against it is not an established fact. No judgment has been obtained and may never be obtained.

The adjudication here, therefore, would be a mere advisory opinion as to the liability of the plaintiff if and when a judgment might be obtained against its assured."

Judge Ragoun in the Arkansas case, United States Fidelity & Guar. Co. v. Pierson, supra, 21 F.Supp. 678, 680, said: "Under this clause of the contract neither Shrigley nor Pierson has any right or other legal relation which can constitute an actual controversy until first there has been a final judgment rendered after an actual trial, * * *." And he completely answers the argument that the amount in dispute is the face amount of the policy.

The evidence at the trial disclosed that the defendant Dr. Thomson has at all times denied legal liability and gives an explanation that shows justifiable and legal excuse for his conduct at and immediately prior to the collision. In a letter to the company he did say, I will expect the company to defend, under the policy of insurance which he holds.

If there is any claim that there is an actual controversy because of the demand to appear and defend any actions brought against the insured, there is nothing in the evidence to indicate that the amount of the costs of such appearance and defense would aggregate the jurisdictional amount. While the plaintiff alleges generally that the amount in controversy is $3,000, this is denied by the defendants and plaintiff has not met the burden of proof of showing that the expense alone of the defense would aggregate that or any other amount.

This position however is not argued by the plaintiff as it is the claim of the plaintiff that it is entitled to a declaratory judgment on the sole ground that there was an accident by the insured while the policy was in force.

■ The statute authorizing declaratory judgments, Jud.Code § 274d, 28 U.S.C.A. § 400, has not changed the jurisdictional requirements for suits in the federal courts and there must exist, as before the enactment of the statute, the essential grounds for federal jurisdiction and in cases dependent upon diversity of citizenship, more than $3,000 must be involved. Davis v. American Foundry Equipment Co., 7 Cir., 94 F.2d 441, 115 A.L.R. 1486.

The defendants, among other things, claim that this action should not be maintained because all interested parties have not been joined as defendants. The Circuit Court of Appeals of this Circuit appears to have held otherwise. Western Casualty & Surety Co. v. Beverforden, 93 F.2d 166, 168.

■ Having read the decisions relied upon by the plaintiff, and the two decisions from this Circuit, I cannot see how any other conclusion than one denying the right to entertain this suit can be arrived at, in reason and as determined by the judges of this Circuit under the authority of the Supreme Court in the Aetna Life Ins. Co. v. Haworth case, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000.

My conclusion therefore is that this suit has been prematurely brought, and makes it unnecessary to decide the interesting questions presented by the evidence and under the issues. If no judgment is obtained against the plaintiff here by the injured parties, these questions may never have to be determined. The Clerk will therefore enter the following order:

The above entitled cause coming on for hearing in open court at Des Moines, Iowa, on January 22, 1940, on its merits, the court finds that there is no actual controversy between the parties of a justiciable nature and that this court is without jurisdiction, and said action is dismissed solely for lack of jurisdiction.

Plaintiff excepts.