## DUNLEER CO. v. MINTER HOMES CORPORATION.

### No. 78.

District Court, S. D. West Virginia.

April 30, 1940.

Walter Brown, of Huntington, W. Va. (Semmes, Bowen & Semmes, of Baltimore, Md., on the brief), for plaintiff.

Scott & Ducker, of Huntington, W. Va., and Webster S. Blades, of Baltimore, Md., for defendant.

HARRY E. WATKINS, District Judge.

This is an action for a declaratory judgment under Sec. 400, Title 28 U.S.C., 28 U. S.C.A. § 400. This section provides that "in cases of actual controversy * * * the courts of the United States shall have power upon * * * complaint * * * to declare rights and other legal relations of any interested party petitioning for such declaration * * *". A motion has been made to dismiss the complaint because of (1) lack of jurisdiction of the subject matter, the amount in controversy being less than $3,000; and (2) the complaint fails to state a claim upon which relief can be granted.

The complaint alleges that plaintiff (through its predecessor in title) entered into two written agreements with defendant for the construction and sale of thirty-four houses upon their joint account. Plaintiff was to furnish the lots and money and defendant was to construct the houses. When each house was sold, profit or loss was to be equally divided between them in accordance with the terms of the agreements. Five houses have been sold upon which losses chargeable to defendant amounted to more than $3,000. Defendant has denied any liability to plaintiff on account of the losses already sustained; or with respect to future sales, in effect repudiating the entire contract. Plaintiff alleges the contracts are valid and enforceable. A loss will be sustained as to the sale of each of the remaining houses, and one-half of such aggregate losses will far exceed the sum of $3,000. Such are the allegations of the complaint as amended, and for the purpose of this motion such allegations are taken as true. Plaintiff asks declarations (1) that the contracts are valid and (2) that each agreement is a divisible contract and that suit for losses already sustained will not bar subsequent suits for future losses.

The defendant relies upon certain answers made by plaintiff to interrogatories under Rule 33 of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to reduce the amount in controversy to less than $3,000. But such answers are no part of the pleadings and cannot be considered upon this motion to dismiss. Moore's Federal Practice, vol. 2, pages 2611 and 2616. Rule 33 merely provides a less formal and less expensive method of examining an adverse party before trial than the deposition method.

It is further contended by defendant that inasmuch as the contracts are indivisible the amount in controversy is not the past losses on the five houses, but is the wholly uncertain and speculative value of the contracts when all the houses are sold. This contention ignores the allegations that the contracts were repudiated, which would give plaintiff the right to sue immediately after repudiation, even though the contracts were indivisible. Dugan v. Anderson, 36 Md. 567, 11 Am.Rep. 509; Olmstead v. Bach, 78 Md. 132, 27 A. 501, 22 L. R.A. 74, 44 Am.St.Rep. 273; Pierce v. Tennessee Coal, Iron & Railroad Co., 173 U.S. 1, 12, 16, 19 S.Ct. 335, 43 L.Ed. 591.

Defendant asserts that the complaint should be dismissed because another adequate remedy is available. There is no merit in this contention. Some support is found for this position in cases arising under state law. But there is no such limitation in the federal act. It expressly provides that such declaratory judgments may be rendered "whether or not further relief is or could be prayed". Anderson et al. v. Ætna Life Ins. Co., 4 Cir., 89 F.2d 345, 347, 348; Stephenson v. Equitable Life Assurance Society, 4 Cir., 92 F.2d 406, 408; Ohio Casualty Ins. Co. v. Richards et al., D.C., 27 F.Supp. 18.

It is also urged that declaratory relief should not be granted where a factual situation is involved. This contention was definitely set at rest by the Supreme Court in Ætna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000. Declaratory relief will not be denied because of a complex factual situation. Ohio Casualty Ins. Co. v. Richards, D.C., 27 F.Supp. 18, 20; E. W. Bliss Co. v. Cold Metal Process Co., 6 Cir., 102 F.2d 105, 109; Pacific Indemnity Co. v. McDonald, D.C., 25 F.Supp. 522, 528. Rule 57 contemplates that there will be factual controversies arising in actions for declaratory relief since it expressly provides for the right of trial by jury.

It is said that the complaint asks for an advisory opinion upon hypothetical facts which are contingent on future events. I cannot agree. The complaint asks an adjudication of present rights upon existing facts. Ætna Life Ins. Co. v. Haworth, supra; Travelers Ins. Co. v. Young, D.C., 18 F.Supp. 450, 455; Anderson v. Ætna Life Ins. Co., supra.

The last contention of defendant is that the declaratory judgment would not be final as to all matters in controversy between the parties. This is no good ground to dismiss the complaint. If these contracts are declared valid or invalid, and divisible or indivisible, there may be no further litigation. The fact that rights which might subsequently accrue, cannot be determined in this action, is no ground for refusing to determine present rights asserted in the form of a justiciable controversy. Ætna Life Ins. Co. v. Haworth, supra.

The motion to dismiss should be overruled and it will be so ordered.